PEOPLE v SULLIVAN

Docket No. 78-1328. Submitted December 6, 1978, at Lansing.—Decided February 6, 1979. Leave to appeal applied for.

Leslie H. Sullivan was charged in separate informations with larceny over $100 and assault with intent to do great bodily harm less than murder. The prosecution moved for the consolidation of the two charges at a single trial, arguing that both charges arose out of the same transaction. This motion was opposed by defense counsel. The trial court denied the motion on the ground that it was untimely and because the offenses did not arise out of the same transaction. The defendant was tried on the larceny charge and was acquitted.

Subsequently, the defendant moved to dismiss the assault charge, claiming that any prosecution on that charge after trial on the larceny charge violated his double jeopardy rights. The Jackson Circuit Court, Russell E. Noble, J., granted the defendant's motion and dismissed the assault charge on the ground that the two charges should have been joined in one proceeding. The people appeal. *Held:*

The prosecution made a good faith effort to protect the defendant's rights and, under the circumstances of the case, the prosecution on the assault charge is not barred by the same transaction test.

Reversed and remanded.

1. CRIMINAL LAW — SAME TRANSACTION TEST.

The same transaction test requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction.

2. CRIMINAL LAW — SAME TRANSACTION TEST.

A basic reason for adopting the same transaction test which requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 8, 9, 189.
[3] 21 Am Jur 2d, Criminal Law § 188.

grow out of a single criminal act, occurrence, episode, or transaction is to prevent harassment of a defendant.

3. CRIMINAL LAW — SAME TRANSACTION TEST — ASSAULT — LARCENY — OPPOSITION BY DEFENSE COUNSEL.

The same transaction test which requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode or transaction should not be used to bar the prosecution of a defendant on an assault charge, arising out of the same transaction which gave rise to a charge of larceny of which the defendant was acquitted at an earlier trial, where the prosecution made every effort to protect the defendant's right against double jeopardy by having the charges joined but was thwarted by the arguments of defense counsel.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Thomas K. Ellis,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and D. E. HOLBROOK and CYNAR, JJ.

CYNAR, J. The prosecution appeals as of right from a March 31, 1978, circuit court order dismissing a charge of assault with intent to do great bodily harm less than murder, MCL 750.85; MSA 28.279. The charge was dismissed because it was not joined and tried with a charge of larceny over $100, MCL 750.356; MSA 28.588, which allegedly arose out of the same transaction.

The offenses in question allegedly took place on October 25, 1977, and were charged in separate informations. On November 10, 1977, defendant waived preliminary examination on the assault charge. A preliminary examination was held on the larceny charge on November 14, 1977. At this

proceeding the complainant testified that defendant, her husband, returned from work on October 25, 1977, and found some money missing from a safe in his house. Believing that his wife took the money, he beat her for several hours until she told him that there was money at her son's house. They went to the son's house, took the money and returned home, where she was beaten again.

The assault charge was scheduled for trial on January 30, 1978. On motion by defense counsel, the trial date was adjourned until April 24, 1978. On March 6, 1978, defendant filed notice of an insanity defense to this charge.

Trial on the larceny charge was scheduled for March 13, 1978. On the morning of trial, the prosecutor moved for the consolidation at a single trial of the two charges. This motion was opposed by defense counsel. The trial judge denied the motion to consolidate on the ground that it was not timely made and because the offenses did not arise out of the same transaction. Defendant was then tried and acquitted of the larceny charge.

On March 31, 1978, defendant moved to dismiss the assault charge, claiming that any prosecution brought on that charge after trial on the larceny charge violated his double jeopardy rights. This motion was heard by a different judge than the one who had heard the motion to consolidate and was granted on the ground that the two charges should have been joined at one proceeding.

In *People v White,* 390 Mich 245, 255; 212 NW2d 222 (1973), the Michigan Supreme Court adopted the "same transaction test" to protect a defendant's double jeopardy right against multiple prosecutions. Such a rule requires the prosecution to join at one trial all the charges against a defendant that grow out of a single criminal trans-

action. *White, supra,* at 254. Such a rule protects a defendant against harassment, while at the same time promoting the economical use of judicial time and preventing prosecutorial sentence shopping. *White, supra,* at 258-259.

However, the Court in *White* recognized that the rule announced therein could be subject to exceptions. The Court stated:

> "We are aware that in certain situations, strict application of the same transaction test could lead to the anomalous result of foreclosing prosecution for an offense where the state had made a diligent and good faith effort to protect the defendant's constitutional rights.

> \*   \*   \*

> "We emphasize that our primary objective in adopting the same transaction test is to insure that a criminal defendant receives meaningful protection under the double jeopardy clause. If actual situations should arise in which application of the same transaction test would not serve that objective, we will, in such a case, consider the adoption of limited exceptions to the same transaction test." *White, supra,* at 258, n. 6.

We believe that the instant case presents circumstances warranting an exception to the application of the "same transaction test". The prosecutor made every effort to protect defendant's right to have these charges joined. However, he was thwarted in his attempt by the arguments of defense counsel. Under these circumstances we are convinced that a sufficient effort was made by the prosecutor to protect defendant's constitutional rights.

Therefore, we hold that the present fact situation provides an exception to the application of the same transaction test. In so holding, we note that our decision will do no injustice to the underlying

policies of the same transaction test. This is not a case involving prosecutorial sentence-shopping or harassment. Rather this case presents a good faith effort on the part of the prosecutor to protect defendant's rights. Under these circumstances we conclude that the trial on the assault charges is not barred.[1]

Reversed and remanded.

[1] A similar result was reached in *State v Roach,* 271 Or 764; 534 P2d 508 (1975).