PEOPLE v SULLIVAN

Docket No. 63087. Decided October 29, 1979. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Leslie H. Sullivan was charged by separate informations with an assault on his wife with intent to do great bodily harm and larceny of more than $100 from his stepson. On the day of the trial on the larceny charge the prosecutor moved for consolidation of the two charges as arising out of the same transaction on the theory that the defendant beat his wife to obtain information about money which was gone from his safe and the information he obtained from her led him to take more than $6,000 from his stepson's home. The Jackson Circuit Court, Gordon W. Britten, J., denied the motion to consolidate on the grounds that it was untimely and that there was a question of fact whether the charges arose out of the same transaction, and acquitted the defendant of the larceny charge. The defendant later moved to dismiss the assault charge because it was not joined and tried with the larceny charge. The prosecutor argued that the charges were completely different and that the defendant had waived the double jeopardy issue because he was aware of the intent of the prosecutor to proceed on both charges. The Jackson Circuit Court, Russell E. Noble, J., granted the motion and dismissed the assault charge. The Court of Appeals, D. E. Holbrook, Jr., P.J., and D. E. Holbrook and Cynar, JJ., reversed and remanded for trial on the assault charge (Docket No. 78-1328). Defendant applies for leave to appeal. *Held:*

The circuit court correctly concluded that the policy of the same-transaction test had been violated. The defendant objected to consolidation of the charges on the ground that the motion to consolidate was not timely and that he was ready to proceed to trial on the larceny charge. There was no waiver of a claim of double jeopardy accepted or expressed by the defendant. The prosecutor knew of both charges well before the first trial date. He was dilatory in bringing the motion; therefore, the defendant has a sound basis for objection to facing the

second charge. The defendant should not be required to face two trials for offenses that arose out of the same transaction where the prosecutor was found to have been untimely in his motion to consolidate, and there is no basis to conclude that the circuit judge abused his discretion by denying the motion for untimeliness.

The judgment of the Court of Appeals is reversed, and the judgment of the circuit court as to the dismissal of the assault charge is reinstated.

88 Mich App 477; 277 NW2d 2 (1979) reversed.

*Thomas K. Ellis* for defendant.

PER CURIAM. We must again apply the same-transaction test we set forth in *People v White,* 390 Mich 245; 212 NW2d 222 (1973). We believe the circuit judge correctly concluded that the policy had been violated, and we affirm his judgment.

The defendant, Leslie Sullivan, was charged with assault with intent to do great bodily harm on his wife and larceny over $100 from his stepson. The defendant apparently had $7,300 in his safe, which was gone when he came home from work one day, and he beat his wife until she told him that her son had money at his house. The larceny charge derives from the fact that defendant went to the house of the wife's son with the wife and took money (more than $6,000) from the bathroom, apparently while no one was at home. The offenses took place on October 25, 1977.

The defendant was charged in separate informations. He waived preliminary examination on the assault with intent to do great bodily harm charge on November 10, 1977. The assault with intent to do great bodily harm trial was scheduled for January 30, 1978. However, trial counsel sought and obtained an adjournment until April 24, 1978.

A preliminary examination was held on the larceny charge on November 14, 1977. The prose-

cutor conducted the preliminary examination in the larceny case, and thus presumably knew in November that the larceny and assault with intent to do great bodily harm charges involved the same transaction.

The trial on the larceny charge was held on March 13, 1978. On the morning of the trial, the prosecutor moved for consolidation on the ground that the two charges involved a single transaction, and this Court's decision in *White* required consolidation. Defense counsel opposed the motion as untimely:

*"Mr. Ellis [Defense Counsel]:* Your Honor, I would object to the consolidation at this point. The Prosecuting Attorney, Mr. Grant, took these cases personally. He conducted the preliminary examinations himself, personally. At the one examination, when Mr. Sullivan and I were approximately 15 minutes late, it was one of those occasions the examining magistrate increased the bond to $5,000. At all times Mr. Grant knew what was happening in these cases. Now today, the day of trial the assistant prosecutor comes in, wants to consolidate the cases.

"We are prepared for trial today. We have subpoenaed witnesses, and we feel that the case should go to trial."

The circuit judge ruled that the motion was untimely and that from the facts as stated by the prosecutor there was a question whether the charge arose out of the same transaction.

*"The Court:* I see. All right. *Well, the court will rule,* first of all, that *the motion by the prosecution is not timely.* Both of these charges came out of their office— assumed to have been aware of it for quite a period of time.

"Secondly, *whether or not they are the same transaction, there is some question involved, from what had*

*been given to the court by the prosecutor.* So, we will proceed with this trial." (Emphasis added.)

At the larceny trial, the defendant was acquitted. On March 31, 1978, counsel for the defendant moved to dismiss the assault charge because it was not joined and tried with the larceny charge. At the hearing on the motion to dismiss, the prosecutor argued that the transaction was not the same: "They're completely different, and the complainant or victim of the two different charges are completely different." The prosecutor also claimed that the defendant had waived the double jeopardy issue because the defendant was "aware of the intent of the prosecution to go ahead on both of these charges".

The circuit judge who heard the motion to dismiss was not the same judge who presided at the larceny trial. He granted the motion to dismiss.

The Court of Appeals reversed. 88 Mich App 477; 277 NW2d 2 (1979). It noted that in *White* we had indicated that the same-transaction test could be subject to exceptions.

"We are aware that in certain situations, strict application of the same transaction test could lead to the anomalous result of foreclosing prosecution for an offense where the state had made a diligent and good faith effort to protect the defendant's constitutional rights.

\* \* \*

"We emphasize that our primary objective in adopting the same transaction test is to insure that a criminal defendant receives meaningful protection under the double jeopardy clause. If actual situations should arise in which application of the same transaction test would not serve that objective, we will, in such a case, consider the adoption of limited exceptions to the same transaction test." 390 Mich 258, fn 6.

Based on that language, the Court of Appeals concluded:

"We believe that the instant case presents circumstances warranting an exception to the application of the 'same transaction test'. The prosecutor made every effort to protect defendant's right to have these charges joined. However, he was thwarted in his attempt by the arguments of defense counsel. Under these circumstances, we are convinced that a sufficient effort was made by the prosecutor to protect defendant's constitutional rights.

"Therefore, we hold that the present fact situation provides an exception to the application of the same transaction test. In so holding, we note that our decision will do no injustice to the underlying policies of the same transaction test. This is not a case involving prosecutorial sentence-shopping or harassment. Rather this case presents a good faith effort on the part of the prosecutor to protect defendant's rights. Under these circumstances we conclude that the trial on the assault charges is not barred." 88 Mich App 480-481.

We disagree with the Court of Appeals. If the defendant argued in opposition to the prosecutor's consolidation motion that the charges should not be joined because they did not arise out of the same transaction, then a finding of waiver would be defensible. In that case, the defendant's consent to separate prosecution avoids the underlying possibility of vexatious multiple prosecution. *Ashe v Swenson*, 397 US 436, 448; 90 S Ct 1189; 25 L Ed 2d 469 (1970). However, the defendant objected to the consolidation on the point of timeliness and because he was ready to proceed that day on the larceny charge. There was no waiver of a double jeopardy claim accepted or expressed by the defendant.

The prosecutor knew of both charges well before

the March 13 trial date. He was dilatory in bringing his motion. The reason the defendant has a sound basis to object to facing the second charge now is due to the prosecutor's tardiness. The defendant should not have to face two trials for offenses that arose out of the same transaction when the prosecutor was found by the judge to have been untimely in moving to join the charges. Furthermore, there appears no basis to conclude that the judge abused his discretion by denying the consolidation for untimeliness.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the Court of Appeals judgment and affirm the circuit court judgment.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.