Argued January 10, affirmed April 24, 1975

STATE OF OREGON, *Respondent, v.*
SAM STEVEN ROACH, *Petitioner.*

534 P2d 508

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

O'CONNELL, C. J.

Defendant was charged in one indictment for the crime of possession of a stolen motor vehicle and in a second indictment with theft, robbery and kidnapping in connection with the same automobile. He pleaded guilty to the first charge and subsequently entered a plea of former jeopardy to the second indictment. This plea was denied. Defendant was tried before a jury and convicted of robbery and kidnapping. Upon appeal, the Court of Appeals reversed the robbery conviction upon the ground that it merged into the conviction for possession. The state does not dispute this determination. The kidnapping con-

viction was affirmed upon the ground that defendant had waived the defense of double jeopardy. We granted defendant's petition for review to determine the applicability of the principles announced in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

The relevant facts are undisputed. On March 28, 1973, an armed hooded man forced Michael Robson into his 1973 Porsche. The robber forced Robson to drive to a rural area, bound him and took the automobile. In June of 1973, the Washington Highway Patrol notified the Oregon State Police that defendant had purchased a wrecked 1971 Porsche body, removed the vehicle identification number (V.I.N.) tags and abandoned the body. This information was passed along to the Eugene, Oregon police who went to defendant's place of employment on June 12 and discovered Robson's Porsche in the parking lot. One of its V.I.N. tags had been removed and replaced by a similar tag from the Washington wreck. Defendant was arrested as he entered the car after work.

On June 20, 1973, defendant was indicted for possession of the stolen Porsche. On June 29, defendant was indicted for robbery, kidnapping and theft after he had been identified by Robson in a line-up. Defendant entered pleas of not guilty to all counts in both indictments. On October 9, defendant's attorney was notified by the deputy district attorney in charge of defendant's case that he was moving to consolidate the two indictments for trial. It is stipulated that the defense attorney stated verbally that he would oppose consolidation. Later the same day defendant informed the clerk of the Circuit Court that he was prepared to change his plea to the possession indictment to guilty. The deputy district attorney was notified of this fact.

On October 10, 1973, defendant did plead guilty. He was not sentenced at this point. The relationship of the

possession indictment to the other indictments was discussed sufficiently during the hearing on the change of plea to eliminate any possible doubt that the two indictments were known by all concerned to be based on the same incident. The prosecutor did not oppose the acceptance of the changed plea or elicit an express waiver of the defendant's right to be free from multiple jeopardy.

On January 2, 1974, the defendant's plea of former jeopardy was heard by the trial court which held for the state on the basis that

"* * * the plea of guilty by the defendant * * * was entered while proceedings for consolidation * * * were pending and which consolidation was opposed by the defendant, for the purpose of thwarting prosecution." (Quoting from trial file order.)

Defendant renewed his contention at trial by a motion for acquittal based on former jeopardy. This motion was denied as well.

■ The Court of Appeals correctly held that the charge of possessing a stolen motor vehicle merged into the robbery charge and that defendant's single criminal act giving rise to these two charges cannot be the basis for two separate convictions.

■ On the other hand, the Court of Appeals recognized that the possession of the stolen motor vehicle was not necessarily involved in the act of kidnapping and that these two crimes do not merge.[1]

---

[1] The doctrine of merger is distinct from that of double jeopardy. Merger is based on the premise that when the act involved in one charge is necessarily involved in another charge, only one offense is committed and only one charge may be the basis of a conviction. *See* State v. Clipston, 3 Or App 313, 473 P2d 682 (1970). The double jeopardy principle limits the number of prosecutions but not the number of charges. Neither

■■ These latter two charges arose out of a single transaction and therefore call for the application of the principle laid down in *State v. Brown, supra.* However, as we have explained in *State v. Hammang,* decided this day, the principle announced in *State v. Brown* does not require the consolidation of charges. It requires only that charges growing out of a single transaction be prosecuted together to avoid the defense of double jeopardy. As we noted in *State v. Hammang,* if the state finds it necessary to prosecute for only one charge because the defendant has voluntarily and unilaterally entered a plea of guilty on another charge, there can be no argument that the state has harassed the defendant.

■ Quite apart from this justification for the state's prosecution of the kidnapping charge, there is the additional ground upon which the Court of Appeals rejected defendant's double jeopardy defense. The court held that when defendant resisted the prosecutor's proposal to consolidate the charges, he waived his right to raise the double jeopardy defense. We concur in this reasoning.

Affirmed.

McALLISTER, J., dissenting.

For the reasons stated in my dissent in *State v. Hammang,* decided this day, I dissent from that portion of the majority opinion which holds that the conviction upon a plea of guilty does not constitute a prosecution for an offense. ORS 131.505(5).

Tongue, J., joins in this dissent.

---

principle should be confused with that of State v. Woolard, 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971) in which this court held that the legislature did not intend to impose multiple punishments for two charges which were not necessarily connected but were in fact based upon the same transaction.