Argued and submitted June 29, affirmed September 16, appeal dismissed December 29, 1987 (304 Or 681)

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN CHARLES MILLER,
*Appellant.*

(C82-06-35828, C86-09-34330;
CA A42784 (Control), A42785)
(Cases Consolidated)

742 P2d 692

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction, following a stipulated facts trial to the court, for being an ex-convict in possession of a firearm. ORS 166.270. He also appeals the subsequent reinstatement of his prison sentence and revocation of his probation on an earlier forgery in the first degree conviction. The sole issue with respect to both appeals is whether the sawed-off shotgun that defendant admits to having had in his possession is a "firearm capable of being concealed upon the person," as that phrase is used in ORS 166.270(1). We affirm.

ORS 166.270(1) provides, in part:

"Any person who has been convicted of a felony * * * who owns, or has in the person's possession or under the person's custody or control any firearm *capable of being concealed upon the person,* or any machine gun, commits the crime of exconvict in possession of a firearm." (Emphasis supplied.)

Defendant does not contend that the sawed off shotgun, which had an 18-1/4 inch barrel and an overall length of 28-3/4 inches, was too large to be concealed on his person. He argues that, for the purpose of ORS 166.270(1), a firearm "capable of being concealed upon the person" is defined and limited by ORS 166.210(2), which provides:

" 'Pistol,' 'revolver' and 'firearms capable of being concealed upon the person,' *apply to and include* all firearms having a barrel less than 12 inches in length." (Emphasis supplied.)

Defendant's reliance on ORS 166.210(2) is misplaced. The statute's use of the phrase "apply to and include" rather than the term "means," which is used in the definition of "firearm" in ORS 166.210(1),[1] shows that the legislature did not intend firearms with barrels less than 12 inches in length to be the exhaustive class of firearms capable of concealment. *See Beaver v. Pelett,* 299 Or 664, 668, 705 P2d 1149 (1985). Rather, firearms with barrels less than 12 inches in length are "capable of being concealed upon the person" as a matter of

---

[1] ORS 166.210(1) provides:

" 'Firearm' *means* a weapon, by whatever name known, which is designed to expel a projectile by the action of black powder or smokeless powder and which is readily capable of use as a weapon." (Emphasis supplied.)

law. With respect to a firearm with a barrel 12 inches in length or longer, whether it is capable of being concealed upon the person depends on the circumstances of the particular case. Here, the trial court found that the sawed-off shotgun, which had an 18-1/4 inch barrel and was equipped with a pistol grip, was capable of being concealed on defendant's person. There was no error.[2]

Affirmed.

---

[2] To the extent that this holding is inconsistent with *State v. Clipston,* 3 Or App 313, 323, 473 P2d 682 (1970), it is overruled.