Argued and submitted December 30, 1992, appeal and cross-appeal dismissed March 31, 1993

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

GARY EVERETT ANDERSON,
*Respondent - Cross-Appellant.*

(91-03-34073; CA A72059)

849 P2d 548

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston, Assistant Attorney General, Salem.

Steven Humber, Deputy Public Defender, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant was convicted of assault in the first degree and attempted aggravated murder. ORS 163.185; ORS 163.095. The court merged the convictions and sentenced defendant under the guidelines to 60 months in prison on the attempted murder conviction. The state appeals, arguing that the court erred in merging the convictions. We are without jurisdiction to review the claimed error and dismiss the appeal.

■ The state contends that its appeal is pursuant to ORS 138.060(5), which allows the state to appeal from "a judgment of conviction *based on the sentence*, as provided in ORS 138.222." (Emphasis supplied.) *See also* ORS 138.222(7). ORS 138.222(1) provides that "*a sentence* imposed for a judgment of conviction * * * *may be reviewed* only as provided by this section." (Emphasis supplied.) The state argues that its appeal comes within ORS 138.222(4)(a) as a claim that the court has "failed to comply with requirements of law in imposing or failing to impose a sentence," because the court did not impose a sentence on each of the two convictions, "as required under the sentencing guidelines." The state points to no guidelines provision governing the question of merger. Merger is controlled by ORS 161.062 or ORS 161.067, which the passage of the sentencing guidelines did not change.[1]

Merger is not a sentence. It is the predicate of a sentence. As the Supreme Court stated:

> "Merger is based on the premise that when the act involved in one charge is necessarily involved in another charge, *only one offense is committed and only one charge may be the basis for a conviction*." *State v. Roach*, 271 Or 764, 767 n 1, 534 P2d 508 (1975). (Emphasis supplied.)

*See also State v. Hodges*, 43 Or App 547, 554, 603 P2d 1205 (1979).

■ Under ORS 138.060, the state's rights of appeal are limited, and the extension of those rights by ORS 138.222

---

[1] OAR 253-12-010 provides:

"*When multiple convictions have been entered* against a single defendant, the sentencing judge may impose consecutive or concurrent sentences as provided by ORS 137.122, 137.123 and 137.370." (Emphasis supplied.)

does not reach the claimed error here. ORS 138.222, part of the sentencing guidelines legislation, was not intended as a broad extension of the rights to appeal. Rather, the legislative history shows that the legislature worked to limit the circumstances in which an appeal may be taken. *See State v. Adams*, 315 Or 359, 367, 847 P2d 397 (1993). There is no statutory authority for the state's appeal and, accordingly, we dismiss it.

In his brief, defendant "waived" his cross-appeal. We treat that waiver as a motion to dismiss the cross-appeal and allow it.

Appeal and cross-appeal dismissed.