Argued and submitted December 3, 1993, affirmed January 5, petition for review allowed June 21, 1994 (319 Or ____)

# STATE OF OREGON,
*Respondent,*

*v.*

# GEORGE THOMAS VAN HOOMISSEN, JR.,
*Appellant.*

## (DA469399; CA A78558)

866 P2d 521

Wayne Mackeson argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

■ ■ Defendant was convicted of the misdemeanor of public indecency in a trial to the court on stipulated facts. ORS 163.465. He appeals and contends that the court erred in failing to dismiss the charge pursuant to ORS 135.703, after he entered into a civil compromise with the complainant. As we held in *State v. Dugger*, 73 Or App 109, 698 P2d 491 (1985), ORS 135.703 permits civil compromise and dismissal of misdemeanors "for which the person injured by the act constituting the crime has a remedy by a civil action;" it applies only if the crime charged necessarily has only a discrete victim or victims. We held, further, that the crime of public indecency is committed against the public at large, not against the person who incidently witnessed the act, and, accordingly, that it is not subject to civil compromise. We adhere to that holding.

■ The remainder of defendant's assignments of error relate to the constitutionality of ORS 161.565(2), which permits the district attorney to decide which cases will be prosecuted as misdemeanors and which will be treated as violations. His arguments are based on *State of Oregon v. Pirkey*, 203 Or 697, 281 P2d 698 (1955), the relevant portions of which were overruled by *City of Klamath Falls v. Winters*, 289 Or 757, 619 P2d 217 (1980). Additionally, as defendant concedes, the Multnomah County District Attorney has a policy regarding the application of ORS 161.565(2), which has consistent application within the county, and which was applied in this case. That is all that is required. *State v. Freeland*, 295 Or 367, 374, 667 P2d 509 (1983).

Affirmed.