Argued and submitted April 27, 1995, affirmed March 20, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIE ANTHONY SUMERLIN,
*Appellant.*

(10-93-09367; CA A84062)

913 P2d 340

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant appeals from convictions for assault in the second degree, ORS 163.175, assault in the third degree, ORS 163.165, reckless driving, ORS 811.140, driving under the influence of intoxicants (DUII), ORS 813.010, and two counts of reckless endangering, ORS 163.195. Defendant pled guilty to the above charges, which stem from a single criminal episode. We affirm.

On August 17, 1993, defendant was involved in an automobile accident in which the vehicle that he was driving rear-ended another vehicle that was stopped at a red light. At the time of the accident, defendant was intoxicated and he was speeding. The two occupants of the vehicle that he hit, a husband and wife, were injured, prompting the assault charges. The wife, who was 23-weeks pregnant, miscarried and lost her ability to have children. In defendant's vehicle were his two young nephews, giving rise to the two counts of reckless endangering.

After defendant's guilty plea, the trial court sentenced him as follows: On count one (assault in the second degree), 34-months' prison and 36-months' post-prison supervision; on count two (assault in the third degree), 36-months' probation, with 90-days' county jail, consecutive to count one; on count four (reckless driving), 180-days' county jail, consecutive to count two; on count five (driving under the influence of intoxicants), five years bench probation, with 30-days' county jail, consecutive to count four; on count six (recklessly endangering), 180-days' jail, consecutive to count five; and on count seven (recklessly endangering), 180-days' jail, consecutive to count six.

Defendant assigns error to the trial court's failure to merge the reckless endangering convictions with each other and with the conviction for reckless driving, and to the imposition of consecutive sentences on all six convictions. The state first argues, however, that this court lacks authority to review the merger issues. The state asserts that because defendant pled guilty, his appeal is governed by ORS 138.050 and ORS 138.053, which limit

our review to whether the "disposition" exceeds the maximum allowed by law[1] or whether the disposition is unconstitutionally cruel and unusual.[2]

The state relies on our decision in *State v. Anderson*, 119 Or App 23, 849 P2d 548 (1993) (*Anderson II*), for the proposition that an alleged merger error is not reviewable because it does not concern whether the disposition "exceeds the maximum allowable by law." ORS 138.050(1)(a). In *Anderson II*, the state sought to appeal the trial court's merger of assault and attempted aggravated murder convictions. The appeal was brought under ORS 138.060(5), which allows the state to appeal from a "judgment of conviction based on the sentence, as provided in ORS 138.222." The state asserted that it could appeal the merger of the convictions under ORS 138.222(4)(a), as a claim that the court had "failed to comply with requirements of law in imposing or failing to impose a sentence." We concluded that the court's merger of the convictions did not involve the failure to comply with the requirements of the law in imposing or failing to impose a sentence because "[m]erger is not a sentence. It is the predicate of a sentence." *Anderson II*, 119 Or App at 25-26.

This case, of course, involves a different statute, ORS 138.050(1). The pertinent language of ORS 138.050(1) limits the ability of a defendant who has pled guilty to seek review of a "disposition * * * [that e]xceeds the maximum allowable by law." We have held that a disposition exceeds the maximum allowed by law if it is not imposed consistently with statutory requirements.[3] *State*

---

[1] ORS 138.050 provides, in part:

"(1) A defendant who has pleaded guilty or no contest may only take an appeal from a judgment or order described in ORS 138.053 where the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

[2] Defendant does not argue that the disposition here is unconstitutionally cruel and unusual.

[3] *Citing Anderson I*, 113 Or App at 418, the state contends that a disposition "[e]xceeds the maximum allowable by law" under ORS 138.050(1)(a) when "the period of incarceration imposed exceeds that specified in the relevant statute." In *Anderson I*, we explicitly rejected that interpretation as applicable only to *former* ORS 138.050(1)(a), which allowed a defendant who had pled guilty to appeal only from a "sentence" and not a "disposition." 113 Or App at 418-19.

*v. Anderson,* 113 Or App 416, 419, 833 P2d 321 (1992) (*Anderson I*).

The above-quoted language governing our review under ORS 138.222(4)(a) and 138.050(1) is sufficiently similar that if, as we said in *Anderson II,* 119 Or App 23, the merger of convictions does not involve whether the court has *"failed to comply with requirements of law* in imposing or failing to impose a sentence," ORS 138.222(4)(a), a similar conclusion must follow with respect to whether the disposition here "exceeds the maximum allowable by law" under ORS 138.050(1).

■ However, on further consideration of this issue, we conclude that our analysis in *Anderson II* was incorrect. We have two reasons for reaching that conclusion. First, the holding in *Anderson II* contradicts the plain language of ORS 138.222(4)(a). That statute allows this court in any appeal to review claims that the sentencing court "failed to comply with requirements of law in imposing or *failing to impose a sentence"* (emphasis supplied). A trial court's merger decision is *directly* relevant to whether it complied with the requirements of law in failing to impose a sentence under ORS 138.222(4)(a), as well as to whether a defendant's disposition "exceeds the maximum allowable by law" under ORS 138.050(1).

The second reason that we now believe the analysis in *Anderson II* was wrong is that the anti-merger statutes, ORS 161.062 and ORS 161.067,[4] have superseded the case law upon which our decision in *Anderson II* relied. In *State v. Crotsley,* 308 Or 272, 779 P2d 600 (1989), the Supreme Court concluded that

"The legislative history and text of ORS 161.062 could not be more clear in rejecting earlier case law requiring consolidation of multiple convictions and sentences arising

---

[4] ORS 161.062 and ORS 161.067 contain nearly the same language. "Both statutes began as identically worded proposals * * * In effect, the original proposed multiple conviction and sentencing statute was enacted twice, first in an amended legislative version, ORS 161.062, and later in an unamended initiative version, ORS 161.067 [passed as part of the 'Crime Victims' Bill of Rights' initiative]. Both statutes remain on the books." *State v. Crotsley,* 308 Or 272, 276 n 3, 779 P2d 600 (1989).

from the same criminal episode. For that reason, defendant's reliance on cases decided prior to the enactment of ORS 161.062 in 1985 is misplaced. * * * Therefore, to the extent that our case law is inconsistent with ORS 161.062, that statute controls and earlier case law is superseded." 308 Or at 277-78. (Footnote omitted.)

■ In determining whether convictions merge under ORS 161.062(1) and ORS 161.067(1), we examine only the statutory elements of each offense, not the underlying factual circumstances recited in the indictment. *State v. Sargent*, 110 Or App 194, 196, 822 P2d 726 (1991); *State v. Heneghan*, 108 Or App 637, 638, 816 P2d 1175 (1991), *rev den* 312 Or 588 (1992); *State v. Owens*, 102 Or App 448, 450 n 2, 795 P2d 569, *rev den* 311 Or 13 (1990); *State v. Atkinson*, 98 Or App 48, 50, 777 P2d 1010 (1989).

*Anderson II*, however, relied on "merger" case law that focuses not on statutory elements, but rather on the factual circumstances of the underlying criminal act. As support for its statement that "merger is not a sentence," *Anderson II* quotes the following language from *State v. Roach*, 271 Or 764, 534 P2d 508 (1975).

"Merger is based on the premise that when *the act involved* in one charge is necessarily involved in another charge, only one offense is committed and only one charge may be the basis for a conviction." 271 Or at 767 n 1. (Emphasis supplied.)

*Roach*, however, was not a merger case, but rather used the above-quoted language to distinguish "merger" from "double jeopardy." *Roach*, in turn, cited *State v. Clipston*, 3 Or App 313, 473 P2d 682 (1970), *overruled on other grounds by State v. Miller*, 87 Or App 439, 742 P2d 692 (1987). There, we focused on the underlying factual circumstances of the defendant's acts in determining whether the multiple crimes charged should have merged. 3 Or App at 325-28. Accordingly, *Roach* and *Clipston* are inconsistent with, and thus superseded by, ORS 161.062, and no longer provide support for the conclusion reached in *Anderson II*.

■ For the reasons discussed above we overrule *Anderson II*, 119 Or App 23. We conclude that defendant's arguments related to the trial court's failure to merge his

convictions concern whether the disposition "exceeds the maximum allowable by law" and, accordingly, under ORS 138.050, we have authority to review defendant's sentences.

■　　Defendant first contends that the disposition was not imposed consistently with the "anti-merger" statutes. He contends that under ORS 161.067(1) the reckless endangering and reckless driving convictions should merge because, when the underlying conduct involves a vehicle, all the elements of reckless endangering are necessarily included in reckless driving. ORS 161.067(1) provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

As noted above, in determining whether convictions merge under ORS 161.062(1) and ORS 161.067(1), we examine only the statutory elements of each offense. *Sargent*, 110 Or App at 196; *Heneghan*, 108 Or App at 638; *Owens*, 102 Or App at 450 n 2; *Atkinson*, 98 Or App at 50. If the defining statutes contain different elements, the convictions do not merge. *Sargent*, 110 Or App at 196. Accordingly, our task is one of statutory comparison. *Id.*

　　　Under ORS 811.140, a person commits the offense of reckless driving by recklessly driving "a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property." Under ORS 163.195, a person commits the crime of reckless endangering by recklessly engaging "in conduct which creates a substantial risk of serious physical injury to another person."

■　　Reckless driving requires proof of driving, while reckless endangering does not. Reckless endangering requires the creation of "a substantial risk of serious physical injury to another *person*" (emphasis supplied), while reckless driving does not. A person commits the offense of reckless driving by endangering "the safety of persons *or property*." (Emphasis supplied.) Therefore, reckless driving does not *require* a risk to persons, as does reckless

endangering, because it is possible to commit reckless driving by endangering property alone.[5] We conclude that each offense requires proof of an element the other does not, and hold that the trial court did not err in refusing to merge defendant's reckless driving and reckless endangering convictions.

Defendant next argues that the trial court misapplied ORS 161.067(2) in refusing to merge his two reckless endangering convictions. ORS 161.067(2) provides, in part:

"When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

Despite his nephews' presence in the car, defendant contends, there were not "two or more victims" of reckless endangering because that offense prohibits only the "creation of risk" and does not "envision a particular person as the victim."

■ ORS 163.195 provides, in part:

"(1) A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

In construing a statute, our task is to discern the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of analysis, we consider the statute's text and context. *Id.* at 610-11. If intent is clear at this level, our inquiry ends. *Id.* at 611. If legislative intent remains unclear after looking at the text and context of the statute, we proceed to the next level and examine legislative history. *Id.* at 611-12.

■ Although ORS 163.195 refers to a risk of injury "to another *person*" (emphasis supplied), it is unclear from the text whether the legislature intended to impose multiple punishments for recklessly endangering more than one person in a single criminal episode. The context of ORS

---

[5] It is irrelevant that defendant's conduct here created a risk of harm to both persons and property, because we may examine only the statutory elements and not the underlying factual circumstances. *Sargent*, 110 Or App at 196; *Heneghan*, 108 Or App at 638; *Owens*, 102 Or App at 450 n 2; *Atkinson*, 98 Or App at 50.

163.195, however, is helpful. That context includes related provisions of the criminal code. *PGE*, 317 Or at 611. ORS 135.703 *et seq* are related provisions here. Those statutes allow the "civil compromise" and dismissal of certain misdemeanors "for which the person injured by the act constituting the crime has a remedy by a civil action." *State v. Van Hoomissen*, 125 Or App 682, 683, 866 P2d 521, *rev allowed* 319 Or 273 (1994). Although reckless endangering is not explicitly designated as an offense subject to compromise, the statute specifically provides that reckless endangering cannot be compromised when committed by "one family or household member upon another family or household member" or upon an "elderly person." ORS 135.703(d)(D). By explicitly disallowing the compromise of reckless endangering in cases of domestic violence or elder abuse, the legislature has implicitly demonstrated an intent to allow it in all other cases.[6]

■　Civil compromise only applies, however, to crimes having "a discrete victim or victims" and not to offenses committed against the public at large, such as public indecency and reckless driving. *Van Hoomissen*, 125 Or App at 683; *State v. Dugger*, 73 Or App 109, 112-13, 698 P2d 491 (1985). Therefore, it must follow that, as a crime subject to civil compromise, reckless endangering has "a discrete victim or victims." Because defendant's nephews were both in the car, his reckless conduct endangered two discrete victims. Therefore, ORS 161.067(2) prohibits the merger of the two reckless endangering convictions. The trial court properly refused to merge those counts.[7]

---

[6] Under the maxim *expressio unis*, the inclusion of specific matter tends to imply a legislative intent to exclude related matters not mentioned. *Smith v. Clackamas Co.*, 252 Or 230, 233, 448 P2d 512 (1968), *overruled on other grounds by Whipple v. Houser*, 291 Or 475, 487 n 6, 632 P2d 782 (1981).

[7] Although examination of text and context ends our inquiry, we note that the legislative history of ORS 163.195 supports our interpretation. *See State v. Trenary*, 316 Or 172, 178 n 5, 850 P2d 356 (1993) (although court need not resort to legislative history, it confirms conclusion).

" 'The [reckless endangering] statute covers potential risks as well as cases where *a specific person is within the zone of danger.*' " *State v. Smith*, 21 Or App 270, 275, 534 P2d 1180 (1975), *quoting* Commentary, Proposed Oregon Criminal Code 97 (1970) (emphasis supplied).

According to the commentary, the drafters of the reckless endangering statute contemplated particular victims. Therefore, by driving recklessly and intoxicated

■ Defendant also assigns error to the trial court's imposition of consecutive sentences on all six convictions. We review consecutive sentences for errors of law appearing on the record. ORS 138.220; *State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991). Consecutive sentences are governed by ORS 137.123, which, at the time of defendant's sentencing,[8] provided, in part:

"(3) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (4) of this section.

"(4) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct *only if the court finds*:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of a defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury, or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct." (Emphasis supplied.)

■ On appeal, defendant first contends that the trial court failed to make specific findings that consecutive sentences were authorized under ORS 137.123(4)(a) or (b), as

with his two nephews in the car, defendant placed two specific persons in a zone of danger. There were thus two victims of his conduct, and ORS 161.067(2) prohibits merger of his reckless endangering convictions.

[8] The 1995 legislature has since amended ORS 137.123 by adding a new subsection that is not applicable here. For our purposes, it is sufficient to note that subsection (3) was renumbered subsection (4), and subsection (4) renumbered subsection (5).

required by *Racicot*, 106 Or App at 561. However, defendant here did not object to the trial court's findings, or the lack thereof. Accordingly, he cannot now raise that objection on appeal. *State v. Bucholz*, 317 Or 309, 320, 855 P2d 1100 (1993).

 Defendant also argues that the facts of this case do not satisfy the requirements of ORS 137.123(4)(a) or (b) for imposing consecutive sentences. *See State v. Reeves*, 134 Or App 38, 41-42, 894 P2d 1170, *rev den* 321 Or 284 (1995) (consecutive sentencing decision reviewed where adequacy of trial court's findings not an issue). With respect to the assault and reckless endangering convictions, consecutive sentences were authorized by ORS 137.123(4)(b). The record indicates that each assault and reckless endangering conviction had a "different" victim, namely, the other vehicle's two occupants and defendant's two nephews, respectively.

 Regarding the DUII and reckless driving convictions, consecutive sentences were authorized by ORS 137.123(4)(a), because the record indicates "defendant's willingness to commit more than one criminal offense." In *State v. Hendershott*, 131 Or App 531, 887 P2d 351 (1994), *rev den* 320 Or 587 (1995), the defendant demonstrated a willingness to commit both "attempting to elude a police officer" and "reckless driving" by causing a high-speed chase through a residential neighborhood and running several stop signs while attempting to elude a patrol car. 131 Or App at 537. The same is true here. By speeding while driving drunk, defendant showed a willingness to commit both reckless driving and DUII. Defendant need not have driven in an intoxicated state to have committed the offense of reckless driving; conversely, he need not have been speeding to have committed the offense of DUII. The offenses were not merely "incidental" to one another. Accordingly, it was proper for the court to impose consecutive sentences on the DUII and reckless driving convictions.

Affirmed.