Argued and submitted November 27, 2013, motion to dismiss denied; affirmed
September 10, 2014, petition for review denied March 5, 2015 (356 Or 837)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN LEE DAVIS, JR.,
*Defendant-Appellant.*

Douglas County Circuit Court
11CR0811FE; A149110

335 P3d 322

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Wollheim, Presiding Judge, and Duncan, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant, who was convicted of murder in 1995, was charged with two counts of felon in possession of a firearm, a Class C felony, after police officers found a rifle and a shotgun in his home on April 14, 2011. *See* ORS 166.270(5) ("Felon in possession of a firearm is a Class C felony."). Defendant pleaded no contest and the trial court accepted that plea, finding defendant guilty of both counts. At a later sentencing hearing, defendant argued that the trial court's determinations of guilt should merge under ORS 161.067, resulting in only a single conviction. The trial court denied defendant's merger request and entered a judgment reflecting two felon-in-possession convictions. On appeal, defendant renews his merger argument. The state responds, first, that this court lacks jurisdiction over the appeal and must dismiss. On the merits, the state argues that merger is precluded because evidence in the record supports an inference that defendant obtained the two firearms at different times, resulting in a pause during which defendant could have renounced his criminal intent. We conclude that we have jurisdiction over this appeal and authority to review defendant's merger argument. On the merits, we affirm.

## I. BACKGROUND

In conjunction with entering his no-contest plea, defendant signed a "plea statement" in which he acknowledged, among other things, that he was pleading "no contest" to two counts of felon in possession and that the state would argue for consecutive sentences on those two counts. The trial court accepted the pleas and found defendant guilty. Immediately after the court announced that it would accept the pleas, defendant asserted that it was the appropriate time "to ask the Court to consider merger" of the two counts of felon in possession. On that point, defendant argued that the two counts merged under ORS 161.067(3) because they involved "exactly the same criminal offense" and there was "not sufficient pause" between the two offenses.[1] The state

---

[1] As discussed in more detail below, multiple offenses that violate only one statute and involve only one victim result in "separately punishable offenses"— that is, they do not merge—if they are separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3).

objected to defendant's merger argument and requested an opportunity to submit additional briefing on that point. Defendant did not oppose the state's request, and the court scheduled a sentencing hearing.

Shortly before the sentencing hearing, defendant filed a "supplemental memorandum regarding merger and concurrent sentencing" in which he argued that his "convictions should merge," that "concurrent sentencing [was] required if the two convictions do not merge," and that the court should impose concurrent sentences even if it had authority to make the sentences consecutive. In a responsive memorandum, the state expressed opposition to defendant's merger request on several grounds, including that defendant had agreed to plead to "both counts of Felon in Possession of a Firearm." At the merger hearing, a deputy sheriff testified about the circumstances under which law enforcement officers had found the two guns in different areas in defendant's home. During that encounter, the deputy testified, defendant said that the rifle belonged to his wife and that he had known that the rifle was in their home. Defendant also told the deputy that the shotgun belonged to one of his friends, who must have left it at defendant's house; defendant eventually admitted that he had known that firearm was present, too. Defendant later acknowledged that his fingerprints would be on both guns.

At the end of the hearing, the trial court rejected defendant's request for merger, ruling that merger was not warranted because defendant's guns were stored in different locations ("the rifle was stored in a case under a bed in the bedroom, the other one was located in the living room area") and the guns were owned by different people (one by defendant's wife, the other by a friend). Based on those facts, the court ruled, "a reasonable inference" could be drawn that the two guns "were acquired at different times, in different ways, in different places, again, one by the wife, and another by the friend." The court concluded that "there was a sufficient pause in the possession of the shotgun versus the possession of the rifle, for an opportunity to renounce the criminal intent." In accordance with that conclusion, the court entered a judgment reflecting convictions for two

counts of felon in possession of a firearm.[2] It is that judgment from which defendant appeals.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred when it did not enter a single merged conviction for felon in possession. The state makes two arguments in response. First, the state contends that we lack jurisdiction over the appeal and must dismiss it. Second, the state contends that, on the merits, the trial court properly rejected defendant's merger request. We address the jurisdictional issue first.

### A. *Appellate jurisdiction*

Defendant originally asserted, in his opening brief, that this court has jurisdiction over his appeal under ORS 138.050. That statute provides, in part:

"(1)  Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 [—including, as here, judgments that impose a sentence on conviction—] only when the defendant makes a colorable showing that the disposition:

"(a)  Exceeds the maximum allowable by law; or

"(b)  Is unconstitutionally cruel and unusual.

---

[2] The trial court's "opportunity to renounce" ruling was only one of two bases on which the court determined that it should enter a judgment reflecting two felon-in-possession convictions. The court also ruled that merger was precluded by this court's decision in *State v. Collins*, 100 Or App 311, 785 P2d 1084 (1990), *overruled by State v. Torres*, 249 Or App 571, 277 P3d 641, *rev den*, 352 Or 378 (2012), in which we held that two counts of unlawful possession of a firearm did not merge, under a predecessor statute to ORS 161.067, because that statute "did not apply to convictions for unlawful possession of a firearm *** because (1) the victim of a defendant's [unlawful possession of a firearm] was 'the state' and (2) *former* ORS 161.062 applied only to crimes having a 'personal' victim." *Torres*, 249 Or App at 574 (citing *Collins*, 100 Or App at 314). The transcript reflects that the court made that ruling because it believed that it was bound by the *Collins* "personal victim" rationale even though, in its view, "a more reasoned approach" under ORS 161.067(3) would focus on whether the two offenses were separated by a "sufficient pause in the defendant's criminal conduct, to afford the defendant an opportunity to renounce his criminal intent." The trial court's view was prescient. We overruled *Collins* less than a year after the trial court denied defendant's request for merger. *See Torres*, 249 Or App at 576 (overruling the "untenable" "personal victim" holding of *Collins*).

"* * * * *

"(3)   On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

Alternatively, defendant has suggested (in a memorandum responding to the state's motion to dismiss this appeal) that this court may have jurisdiction under ORS 138.222, because defendant's conviction is for a felony, not a misdemeanor. That statute provides, in part:

"(1)   Notwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

"* * * * *

"(4)   In any appeal, the appellate court may review a claim that:

"(a)   The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence;

"(b)   The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes; or

"(c)   The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707.

"* * * * *

"(7)   Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:

"(a)   A sentence was entered subsequent to a plea of guilty or no contest[.]"

In response, the state contends that we do not have jurisdiction under either ORS 138.050 or ORS 138.222. With respect to the former statute, the state argues that we lack jurisdiction because any error associated with failure to merge the two guilt determinations into a single conviction does not mean that "the disposition" in the case "is unconstitutionally excessive or that [defendant] had a legal entitlement to some lesser sentence." Rather, the state argues, defendant's merger argument relates to the convictions that the trial court entered, not to any disposition on those convictions. Accordingly, the state concludes, defendant does not have a colorable claim of dispositional error of the type that would give this court jurisdiction under ORS 138.050(1).

The state also argues that ORS 138.222 cannot confer appellate jurisdiction here, either because that statute is not "an independent source of appellate jurisdiction in a felony case" or, even if it can be, it works "in tandem" with ORS 138.050 with the following result:

> "So, if a defendant is convicted of a felony based on his plea of no contest, ORS 138.050 permits an appeal only if and to the extent that he asserts a claim that the 'disposition' exceeds the statutory or constitutional maximum, and then ORS 138.222 more narrowly and specifically defines the permissible scope of appellate review *of such a claim.*"

(Emphasis in state's brief.)

Recent decisions of this court resolve the jurisdictional questions presented here. In *State v. Clements*, 265 Or App 9, 333 P3d 1177 (2014), we explained that ORS 138.050 prohibits a defendant who pleads guilty or no contest to *either* a misdemeanor or a felony from challenging his conviction on appeal. *Id.* at 21 (describing ORS 138.050 as "prohibit[ing] * * * a defendant's challenge to a conviction— as opposed to a sentence—when the defendant has pleaded guilty"); *see also id.* at 23 (ORS 138.050 "carr[ies] weight when the appeal in a felony case is not based on the sentence") (slip op at 16); *State v. Landahl*, 254 Or App 46, 58-59, 292 P3d 646 (2012), *rev den*, 353 Or 788 (2013) (a conviction is not a "disposition" for purposes of ORS 138.050; therefore, the statute does not confer jurisdiction over a challenge to a conviction). Thus, we will dismiss a

criminal defendant's appeal from a judgment based on a guilty or no-contest plea if the only arguments made on appeal challenge the defendant's convictions, whether the convictions are for misdemeanors or felonies. *See Landahl*, 254 Or App at 59 (so ruling with respect to misdemeanors); *Clements*, 265 Or App at 23 (where the defendant had pleaded guilty to felonies, this court lacked jurisdiction to address an argument that was, "in effect, a challenge to defendant's conviction").

But if the issues raised on appeal involve something *other than* challenges to a conviction, the existence of appellate jurisdiction depends on whether the defendant pleaded to a felony or to a misdemeanor. When the appeal is from a judgment based on a plea to a misdemeanor, jurisdiction lies, if at all, under ORS 138.050(1) and the scope of issues that this court may review is also governed by that statute. *State v. Beckham*, 253 Or App 609, 615, 292 P3d 611 (2012); *see State v. Brewer*, 260 Or App 607, 609, 320 P3d 620, *rev den*, 355 Or 380 (2014) ("Under ORS 138.050 * * * the issues that may be appealed and those that may be reviewed in the appeal are the same—whether the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual.").

When the appeal is from a judgment based on a plea to a felony, however, jurisdiction lies, if at all, under ORS 138.222(7). *Clements*, 265 Or App at 18 ("[T]he phrase 'based on the sentence' in ORS 138.222(7) was intended to limit an appeal by a defendant who pleads guilty to a felony to assignments of error concerning either the terms of the sentence or procedural or legal errors bearing directly on the terms of the sentence."). That statute provides, in part:

> "Either the state or the defendant may appeal a judgment of conviction *based on the sentence* for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:
>
> "(a)  A sentence was entered subsequent to a plea of guilty or no contest[.]"

ORS 138.222(7) (emphasis added). The scope of issues that we may review when an appeal is properly taken under ORS 138.222(7) is "congruent" with the scope of issues "based on the sentence" that give rise to our jurisdiction under that statute. *Clements*, 265 Or App at 18; *see also Brewer*, 260 Or App at 614, (in addition to providing a basis for appellate jurisdiction in felony cases involving guilty or no-contest pleas, ORS 138.222—and not ORS 138.050—establishes the scope of appellate review in those cases).

Applying those principles, we consider the following questions in determining whether we have jurisdiction over defendant's appeal. First, does defendant challenge only his conviction on appeal? If so, we must dismiss because the appeal is prohibited by ORS 138.050. Second, if defendant challenges something other than his conviction on appeal, do his appellate arguments concern "either the terms of the sentence or procedural or legal errors bearing directly on the terms of the sentence"? *Clements*, 265 Or App at 18. If they do, and if his arguments raise a colorable claim of error in that regard, then we have jurisdiction under ORS 138.222(7).

We begin by exploring whether defendant's merger arguments amount to a challenge to his conviction or, instead, are challenges "based on the sentence." Related questions have vexed us over the years. On one hand, the Oregon appellate courts have emphasized that "merger" is a concept that applies to the merger of multiple guilty verdicts into a single conviction. *State v. White*, 346 Or 275, 279 n 4, 211 P3d 248 (2009). Sentences themselves do not "merge"; they are either concurrent or consecutive. *State v. Colmenares-Chavez*, 244 Or App 339, 342 n 1, 260 P3d 667, *rev den*, 351 Or 216 (2011). Accordingly, we have counseled trial courts against the once-common practice of purporting to merge offenses "for the purpose of sentencing":

> "To be perfectly clear, the phrase 'merged for sentencing purposes' is a misnomer and should never be used because it improperly conflates two distinct parts of the criminal process: the entry of convictions and the imposition of sentences. The concept of merger relates to the former and is controlled by ORS 161.067. The imposition of consecutive or concurrent sentences relates to the latter and is controlled by ORS 137.123. The two statutes operate independently."

*State v. Mason*, 241 Or App 714, 718 n 4, 250 P3d 976 (2011). Considered alone, that line of cases might suggest that a challenge to a trial court's decision not to merge multiple determinations of guilt, resulting in the entry of a judgment reflecting multiple convictions, is a challenge to one or more of those convictions—not to a sentence—and, therefore, cannot confer jurisdiction on this court in a case in which the defendant has pleaded guilty or no contest.

On the other hand, we repeatedly have held just the opposite. Most prominently, we held in *State v. Sumerlin*, 139 Or App 579, 584-85, 913 P2d 340 (1996) that an argument that multiple guilt determinations should have merged into a single conviction was a contention that the disposition "exceed[ed] the maximum allowable by law" and, therefore, was reviewable under ORS 138.050. The *Sumerlin* holding necessarily implies that, had merger been the only issue that the defendant raised on appeal in that case, we also would have held explicitly that we had jurisdiction over the appeal. *See* ORS 138.050(1)(a) (this court has jurisdiction where the defendant-appellant argues that the disposition exceeds the maximum allowable by law). We have adhered to that principle in the face of repeated challenges from the state. *See, e.g., State v. McConville*, 243 Or App 275, 280, 259 P3d 974 (2011) (summarily rejecting "state's contention that the trial court's entry of two first-degree theft convictions [instead of a single merged conviction] is not an appealable 'disposition' under ORS 138.050(1)"); *State v. Moncada*, 241 Or App 202, 205 n 3, 250 P3d 31 (2011), *rev den*, 351 Or 545 (2012) (rejecting state's argument that *Sumerlin* was wrongly decided); *State v. Bowers*, 234 Or App 301, 306, 227 P3d 822, *rev den*, 348 Or 621 (2010) (similar).

Not only did *Sumerlin* hold that merger arguments can give rise to jurisdiction under ORS 138.050, it explicitly overruled contrary precedent that was based on the scope of this court's authority under ORS 138.222. In *State v. Anderson*, 119 Or App 23, 849 P2d 548 (1993), we had held that we lacked jurisdiction under ORS 138.060 and ORS 138.222 over a state's appeal in which the state argued that a trial court should not have merged a defendant's assault and attempted-aggravated-murder convictions. We reached that conclusion based on our reasoning that the merger "did

not involve the failure to comply with the requirements of the law in imposing or failing to impose a sentence because '[m]erger is not a sentence. It is the predicate of a sentence.'" *Sumerlin*, 139 Or App at 582 (quoting *Anderson*, 119 Or App at 25; brackets in *Sumerlin*). In *Sumerlin*, we stated to the contrary that a "trial court's merger decision is *directly* relevant to whether it complied with the requirements of law in failing to impose a sentence under ORS 138.222(4)(a), as well as to whether a defendant's disposition 'exceeds the maximum allowable by law' under ORS 138.050(1)." 139 Or App at 583 (emphasis in original). As noted, we have consistently followed that aspect of *Sumerlin* over the nearly 20 years since that opinion issued.

It may appear that some tension exists between the *Sumerlin* cases (holding that merger arguments are sufficiently related to sentencing or disposition to give rise to appellate jurisdiction in cases involving guilty or no-contest pleas) and those in which we have emphasized that merger relates to convictions, not to sentences. Nonetheless, those lines of cases have coexisted for nearly two decades, and we have repeatedly rejected arguments that we should overturn *Sumerlin* based on the competing line of authority.[3] We see no reason that we should now abandon our holding in *Sumerlin*, the reasoning of which governs here. Defendant's challenge to the trial court's decision not to merge the felon-in-possession counts into a single conviction must be deemed, under *Sumerlin*, not to relate to his conviction; consequently, ORS 138.050(1) does not bar his appeal. Moreover, under *Sumerlin*, defendant's merger argument is "*directly* relevant to whether [the court] complied with the requirements of law in failing to impose a sentence" for purposes of ORS 138.222(4)(a), which means that we have jurisdiction to

---

[3] Any tension between the two lines of cases may reflect a practical reality: although merger does, strictly speaking, relate to convictions, trial courts generally consider the parties' arguments about merger at sentencing, not when juries return guilty verdicts on multiple counts, or even when a defendant pleads guilty to multiple charges. *See Bowers*, 234 Or App at 307 ("[T]he time to address a merger claim is post-verdict, not at or before a plea hearing, or during trial."). That is, not until after guilt determinations have already been made—either by a jury or based on a defendant's plea—does a trial court generally make the separate determination of how many separate convictions the judgment should reflect. *Id.*

consider that question under ORS 138.222(7). And that holding in *Sumerlin* is consistent with our more recent explanation that we have jurisdiction under ORS 138.222 to consider "procedural or legal errors bearing directly on the terms of the sentence" in a case in which a defendant has pleaded guilty or no contest to a felony. *Clements*, 265 Or App at 18.

Nonetheless, the state argues that we lack jurisdiction over this appeal because *Sumerlin* cannot withstand the holdings in *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011), and *Landahl*. We disagree because the holdings in those two cases do not govern the jurisdictional question here. *Cloutier* involved an appeal by a defendant who pleaded no contest to a charge of driving under the influence of intoxicants, entered a diversion agreement, and later failed to complete the program. 351 Or at 70. When the trial court subsequently entered a judgment of conviction, it imposed a sentence that included a fine that was $100 greater than the statutory minimum, explaining "that the $100 'was for his no contest plea at the time of entering the diversion.'" *Id.* The defendant appealed, contending that we had jurisdiction under ORS 138.050(1)(a) because he had made a colorable claim that the sentence exceeded the maximum allowable by law, given his assertion that the trial court exceeded its constitutional authority in imposing that sentence. *Id.* at 74. The Supreme Court rejected that argument, holding "that the reference to a disposition that '[e]xceeds the maximum allowable by law' in ORS 138.050(1)(a) does not refer to a sentence that was imposed by means of procedures that violate the Due Process Clause of the federal constitution." *Id.* at 104. Instead, the court explained, that phrase "refers to a disposition that exceeds a maximum expressed by means of legislation, not the state or federal constitution." *Id.*

Two aspects of *Cloutier* readily distinguish that case from this one. First, and most significantly, the court was addressing the scope of appellate jurisdiction created by ORS 138.050, not the scope of jurisdiction that we may have in this case under ORS 138.222. As we recently explained, the scope of appellate jurisdiction under those two statutes is not identical. *Clements*, 265 Or App at 18. Under ORS 138.222, we have jurisdiction over any felony appeal from a

guilty or no-contest plea in which the defendant-appellant makes "assignments of error concerning either the terms of the sentence or procedural or legal errors bearing directly on the terms of the sentence," *id.*, not over only those appeals from pleas in which the defendant makes a colorable showing that a disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual—the jurisdictional limitation that applies to appeals taken under ORS 138.050(1). *Cf. Cloutier*, 351 Or at 101 (noting that appellate review under ORS 138.222 "is much broader" than would be the case under ORS 138.040 and ORS 138.050). Thus, even if the state is correct (and we express no opinion on this point) that a merger argument does not raise a colorable claim of dispositional error that can give rise to jurisdiction under ORS 138.050, that does not mean that a merger argument cannot give rise to jurisdiction under ORS 138.222(7).

Second, the *Cloutier* defendant was making a constitutional argument, not a statutory one, and that distinction helped drive the Supreme Court's analysis. The court did not broadly hold that *no* procedural arguments related to sentencing can give rise to jurisdiction under ORS 138.050 (although portions of its discussion admittedly hint at the possible viability of such an argument in the future); rather, it held only that a sentence imposed in violation of *constitutional* due process principles is not a disposition that "[e]xceeds the maximum allowable by law" under ORS 138.050(1)(a). Defendant here does not make a constitutional argument; rather, his argument is that the trial court failed to comply with statutory requirements when it rejected his merger request.

Nor does our decision in *Landahl* call *Sumerlin* into question, at least with respect to appeals that arise under ORS 138.222(7). In *Landahl*, the defendant appealed a misdemeanor DUII conviction, entered after a trial court "set[] aside its previous dismissal of the charge and [entered] a judgment based on his guilty plea made upon his entry into a diversion program." 254 Or App at 48. On appeal, the defendant argued that we had jurisdiction under ORS 138.050(1)(a) because the DUII conviction and the sentence for it were dispositions that exceeded the maximum allowable because the trial court lacked authority to enter them. *Id.* at 49-50.

We disagreed, rejecting the defendant's argument that his conviction itself was a "disposition," as that term is used in ORS 138.050(1). *Landahl*, 254 Or App at 58. Thus, as was the case in *Cloutier*, the *Landahl* opinion addressed only the scope of our appellate authority under ORS 138.050, focusing on the meaning of the word "disposition" in that statute. *Landahl* did not address the scope of our jurisdiction under ORS 138.222(7).

To sum up: We have jurisdiction over this appeal because defendant's merger argument means that the appeal is "based on the sentence" within the meaning of ORS 138.222(7). We have authority to review that argument because it raises a claim that the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a); *see Sumerlin*, 139 Or App at 583 (merger decisions are reviewable under ORS 138.222(4)(a)). Accordingly, we deny the state's motion to dismiss and proceed to address the merits of the trial court's ruling that defendant's no-contest pleas to two felon-in-possession charges should not merge into a single conviction.

B. *Merger*

ORS 161.067, the "anti-merger statute," governs the circumstances under which multiple guilty verdicts or a defendant's guilty or no-contest pleas to multiple criminal charges should merge into a single conviction. As pertinent here, that statute provides:

> "(3) When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

We review the trial court's denial of defendant's merger request for legal error and are bound by the court's findings of historical fact if constitutionally sufficient evidence

in the record supports them. *State v. Watkins*, 236 Or App 339, 345, 236 P3d 770, *rev den*, 349 Or 480 (2010).

Defendant contends that, under ORS 161.067(3), he should be convicted of only one count of felon in possession because "the state failed to prove that [his] possession of one of the firearms ended before the possession of the second began" and, therefore, "the state failed to prove that a sufficient pause existed between defendant's 'repeated' violations of the felon in possession statute." Defendant relies on *State v. Barnum*, 333 Or 297, 303, 39 P3d 178 (2002), *overruled on other grounds by State v. White*, 341 Or 624, 147 P3d 313 (2006), in which the Supreme Court stated that, for two crimes "to be separately punishable" under ORS 161.067(3), "one crime must end before another begins." Because unlawful possession of a firearm is a continuing crime, defendant contends, "[o]nly if the state were able to prove that the defendant relinquished control of one piece of contraband before acquiring another, would it be able to establish that the first possession crime had ended before the other began, thus preventing merger."

The state acknowledges that the "one crime must end before the other begins" test "makes sense in the context of a continuous series of acts during a *single incident* that, when combined, constitute a single offense." (Emphasis added.) The state contends, however, that the test does not make sense "when the charges are based on [acts] that the defendant commenced committing separately, at different times and places, when the offenses are of a 'continuing' nature and thus all happen to overlap at a single time and place." As we understand the state's argument, it is that the existence of *some* overlap in time and place between two continuing crimes does not mean that there *never* was "a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3).

We agree with the state. As we explained in *State v. Bell*, 246 Or App 12, 264 P3d 182 (2011), *rev den*, 351 Or 678 (2012), a person commits multiple, separately punishable crimes when he unlawfully obtains multiple firearms *at different times* if the person has an opportunity, before

acquiring each additional firearm, to renounce his criminal intent:

> "Here, * * * the record establishes that defendant's acts of possession of the firearms were separate acts. He obtained each firearm from a different person at a different time and then stored each firearm in a different location within his residence. These facts demonstrate, as the trial court ruled, that defendant had the opportunity to renounce his criminal intent at each juncture. Consequently, ORS 161.067(3) authorized separate convictions for the possession of each firearm."

*Id.* at 17.

We followed *Bell* in our recent decision in *State v. O'Dell*, 264 Or App 303, 330 P3d 1261 (2014), another case in which the defendant was alleged to have possessed multiple weapons unlawfully. In *O'Dell* we emphasized that the important point, for purposes of ORS 161.067(3), is whether evidence in the record supports an inference of a "'pause' in defendant's criminal conduct to 'separate[]' one violation from the others." *Id.* at 311 (brackets in *O'Dell*). We described two scenarios in which a sufficient pause might exist: (1) where evidence in the record supports "a plausible inference that [the] defendant *acquired* possession of the different weapons at different times," *id.* at 310 (emphasis added), and (2) where evidence supports an inference that the defendant's "possession of certain of the weapons ceased and later resumed," *id.* at 311. The facts in *O'Dell* did not fit either scenario because the defendant possessed the four firearms simultaneously and no evidence suggested either that the defendant obtained the guns at different times or that there was a gap in time during which he did not possess all of the guns. *Id.* at 311.

Here, defendant does not challenge the trial court's finding that defendant acquired the two firearms from two different people. Defendant also does not challenge the inference that the trial court drew from that finding: that defendant acquired the guns at different times. Instead, he simply argues that that inference is not relevant to the merger analysis because "the fact that the offenses may have *begun* at different times does not mean that one offense ended

before the other began." (Emphasis in defendant's brief.) Defendant acknowledges our contrary holding in *Bell*, but urges us to overrule that case. We decline to do so.

Accordingly, in keeping with our holdings in *Bell* and *O'Dell*, we consider whether the record in this case includes evidence sufficient to support a plausible inference that defendant gained possession of the two firearms at different times that were separated by a pause sufficient to give defendant an opportunity to renounce his criminal intent. We agree with the trial court's conclusion that such an inference is supported by the evidence that defendant's wife owned the rifle, which defendant knew was in their home, and that defendant had obtained the shotgun from a friend. Accordingly, each of the two felon-in-possession offenses is separately punishable under ORS 161.067(3). The trial court did not err when it denied defendant's request for merger.

Motion to dismiss denied; affirmed.