Submitted on record and briefs November 30, 2005, appeal dismissed
March 15, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## BOB LEE RISTICK,
*Appellant.*

### 9507-36092; A124305

131 P3d 762

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Tammy W. Sun, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In 1995, defendant was convicted of two counts of aggravated theft in the first degree. However, he failed to appear at the sentencing hearing and remained a fugitive for over seven years. He was finally sentenced in 2004. On appeal, he assigns error to several sentencing determinations. We dismiss the appeal under the "former fugitive rule," which gives this court the discretion to take that action if a defendant's flight significantly interferes with the appellate process. *State v. Lundahl*, 130 Or App 385, 882 P2d 644 (1994).

Defendant's theft convictions stem from an automobile investment scheme under which he admitted to defrauding an elderly investor of $390,750. Defendant pleaded no contest to the charges and then fled the jurisdiction. Over seven years later, he returned and was rearrested and sentenced. The sentencing court imposed upward departure sentences on both counts and ordered the sentences to run consecutively. Pursuant to ORS 137.750, the court also denied defendant's request for eligibility for sentence modifications other than "good time." The court also ordered defendant to pay full restitution to the victim. On appeal, defendant argues that the judicial factfinding on which the upward departures, the consecutive sentences, the denial of eligibility for modifications, and the imposition of restitution were based violated his right to have those facts found by a jury. *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004).

■ The state asks us to exercise our inherent judicial authority to dismiss the appeal under a rule first announced in *Lundahl*, 130 Or App at 389-90, and now known as the "former fugitive rule." Under that rule, a defendant who has fled the jurisdiction may lose his or her right to a direct appeal upon his or her return if the flight interferes significantly with the appellate process. *Id.* Significant interference with the appellate process exists when " 'a long escape, even if ended before sentencing and appeal, * * * so delay[s] the onset of appellate proceedings that the Government would be prejudiced in locating witnesses and presenting evidence at

retrial after a successful appeal.' " *Id.* at 390 (quoting *Ortega-Rodriguez v. United States*, 507 US 234, 249, 113 S Ct 1199, 122 L Ed 2d 581 (1993)). Under those circumstances, the efficient operation of the appellate process is so frustrated by the unfairness that would result at the remand proceeding that dismissal is warranted.

We adopted the former fugitive principle in *Lundahl* after evaluating facts similar to those presented in this case. In *Lundahl*, the defendant was convicted and sentenced on three sex offenses involving a child victim. *Id.* at 387. The court sentenced him on one conviction and ordered that he be evaluated at the Oregon State Hospital before imposition of the remaining sentences. *Id.* Before that sentencing could occur, however, the defendant fled the country. *Id.* Seven years later, when he returned, he was arrested on a fugitive warrant and returned to Oregon for sentencing. *Id.* On appeal, he sought a new trial on the theory that the trial court had erred by empaneling an incompetent juror. *Id.* We exercised our discretion to dismiss his appeal based primarily on concerns about the efficient operation of the appellate process. We reasoned that the defendant's long absence would prejudice the victim, witnesses, and the state if a new trial were granted:

> "The circumstances here are of the type [that] justify[ ] the dismissal of a former fugitive's appeal. If we were to resolve the merits of this appeal in defendant's favor, he would be entitled to a new trial. Because of his lengthy escape, ten years will have passed between the time that he committed the charged offenses and the time of his re-prosecution. The victim is now a 22-year-old woman who has spent several years in counseling trying to deal with the trauma that defendant now admits he inflicted upon her when she was a child. Further, as the state notes, a jury may respond very differently to the testimony of an adult woman than it would to the same events as recounted by an 11-year-old girl. The state would also be prejudiced by having to locate witnesses who testified in 1975, including a staff member of the state Children's Services Division and the young boy, now age 19, to whom the victim first reported that she had been molested. Even assuming that those witnesses could be located, their memories of the event have likely diminished."

*Id.* at 390.

■      As in *Lundahl,* the former fugitive rule applies here and militates in favor of dismissing defendant's appeal. As stated in *Lundahl*, the rule may be invoked where a defendant's "long escape, even if ended before sentencing and appeal, * * * so delay[s] the onset of appellate proceedings that the Government would be prejudiced in locating witnesses and presenting evidence at retrial after a successful appeal." *Id.* (internal quotation marks omitted). Here, defendant's escape occurred after conviction but before sentencing and appeal. And like Lundahl's flight, defendant's escape so significantly interfered with the appellate process as to warrant dismissal.

If we were to grant defendant's requested relief, we would remand for resentencing and, at that proceeding, the state's efforts in presenting evidence to support departure factors would be prejudiced by defendant's long flight. The record indicates that when defendant was initially sentenced on the first-degree aggravated theft counts, the court imposed an upward departure sentence on Count 1, based on (1) the vulnerability of the victim, an elderly man whose mental state was in decline at the time of the thefts, and (2) defendant's flight from sentencing. On Count 2, the court imposed an upward departure sentence based on (1) greater-than-usual harm and (2) persistent involvement in crime relating to defendant's dealings in the car business, as established in Count 1 and in a 1978 theft conviction. *See* OAR 213-008-0002(1)(b) (nonexclusive list of factors that may support upward departure sentences).

Defendant's resentencing hearing, if granted, would be governed in part by Oregon Laws 2005, chapter 463, *compiled as a note before* ORS 136.001 (2005), which established procedures for jury determination of facts that support sentence enhancement. Or Laws 2005, ch 463, §§ 1, 3. An "enhancement fact" is a "fact that is constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime." Or Laws 2005, ch 463, § 1. There is no dispute that the facts that supported upward departures in defendant's initial sentencing proceeding are "enhancement facts." *See State v. Upton*, 339 Or 673,

682, 125 P3d 713 (2005) (facts supporting upward departure implicate a defendant's jury trial right and are subject to Oregon Laws 2005, chapter 463, procedures). Further, the procedures for jury determinations of enhancement facts prescribed in Oregon Laws 2005, chapter 463, apply to a case such as this "that [will have] been remanded to a trial court that will result in resentencing for which a new sentence has not been imposed prior to the effective date of this 2005 Act." Or Laws 2005, ch 463, § 21(3); *Upton*, 339 Or at 682. Thus, on remand, the sentencing court would empanel a jury for findings of enhancement facts, unless defendant waived that right.

An evidentiary hearing to find enhancement facts related to the commission of the crime, such as greater-than-usual harm or vulnerability of victim, or other enhancement facts that the sentencing court deems relevant, would be impaired by the fact that almost 10 years have passed since defendant was convicted. The state would be prejudiced in its effort to locate witnesses familiar with the crimes. Moreover, the victim is now approximately 90 years old and, at the time of this appeal, suffers dementia. Under these circumstances, we foresee that the condition of the evidence, worsened by defendant's long flight from the jurisdiction, would limit the state's ability to support a recommendation of upward departure and the resentencing court's ability to exercise the full range of tools at its disposal to impose an appropriate sentence.

Moreover, permitting defendant's appeal would not foster respect for the judicial process or promote the administration of justice. The basis on which defendant challenges the legality of his sentences today is available to him only because defendant fled the jurisdiction for seven years. Each of defendant's assignments of error calls upon principles announced in *Blakely*, which was decided in 2004, eight years after defendant failed to appear for sentencing. Because defendant's legal support for his challenge to his sentence is available now only as a consequence of his flight, entertaining those arguments would allow defendant to benefit from flouting the judicial process and leave others undeterred from doing the same. Defendant "should not be able to enjoy the benefits of the law while unlawfully avoiding its rigor."

*State v. Sterner*, 124 Or App 439, 443, 862 P2d 1321 (1993), *rev den*, 318 Or 583 (1994).

In sum, defendant's "lengthy escape from justice, though it occurred while his case was pending before the trial court, significantly interfered with the appellate process and warrants an appellate sanction." *Lundahl*, 130 Or App at 390. For that reason, we dismiss the appeal.

Appeal dismissed.