Argued and submitted May 17, 2012; resubmitted en banc May 8, 2014; on respondent's motion to dismiss filed September 1, and appellant's response filed September 15, 2011, appeal dismissed as to defendant's second assignment of error; otherwise affirmed August 20, 2014, petition for review denied February 5, 2015 (356 Or 689)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY ALLAN CLEMENTS,
*Defendant-Appellant.*

Lane County Circuit Court
200004228; A143970

333 P3d 1177

Bear Wilner-Nugent argued the cause and filed the briefs for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General.

Before Haselton, Chief Judge, and Armstrong, Wollheim, Ortega, Sercombe, Nakamoto, Egan, DeVore, Tookey, and Garrett, Judges, and Schuman, Senior Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

This is a criminal appeal in which defendant pleaded guilty in 2000 to five counts of crimes committed against his children before the passage of Ballot Measure 11 (1994) but then fled Oregon before sentencing. In 2009, defendant was sentenced after his apprehension in California. Defendant now appeals the judgment of conviction for one count of sodomy in the first degree, ORS 163.405, and four counts of sexual abuse in the first degree, ORS 163.427.

Defendant assigns error to the sentencing court's denial of his motions to postpone sentencing (his first assignment of error), to withdraw his guilty plea (his second assignment), and to enforce the original plea agreement reached in 2000 (his third assignment). Defendant's sentence, which includes a 190-month prison term that the state recommended, differs significantly from what the state had agreed to recommend to the court as part of the 2000 plea agreement. The state has moved to dismiss the entire appeal on two grounds: first, that we lack jurisdiction to adjudicate the assignments of error under either ORS 138.050(1) or ORS 138.222(7) and, alternatively, that we should apply the "former fugitive doctrine" because of defendant's lengthy escape from justice. The state also contends that, to the extent we deny its motion to dismiss, defendant's assignments of error are barred due to the restrictions on reviewability set forth in ORS 138.222 and that, if we reach any of the assignments, we should reject them on their merits.

For the reasons below, we decline to dismiss defendant's appeal under the former-fugitive doctrine and instead conclude (1) that defendant's first assignment of error is appealable under ORS 138.222(7) but nonetheless unreviewable; (2) that we lack jurisdiction to adjudicate defendant's second assignment of error; and (3) that defendant's third assignment of error, although appealable and reviewable, fails on its merits.

## I.   BACKGROUND

The relevant facts are procedural. On October 30, 2000, defendant pleaded guilty to four counts of first-degree

sexual abuse and one count of first-degree sodomy, after his attorney confirmed with the court that it would be bound by a negotiated plea and sentence. All of the crimes were alleged to have occurred in 1991 or later. The prosecutor described on the record the sentence that defendant would receive as follows: he would receive a dispositional departure to a 20-year term of probation and serve six months in the county jail, with alternatives to reduce the time to be served allowed; pay a compensatory fine to the victims, his daughters; complete sex-offender treatment as required by a probation officer; and have standard probation conditions for sex offenders, such as registration as a sex offender. The court's minutes of the proceedings for the change of plea also reflect those terms and that "Judge Hodges is bound to negotiations."

The sentencing was then set for November before a second judge. That judge declined to sentence defendant because, after hearing the statements of one of the victims and of defendant's ex-wife, he disagreed that the court should be bound by the negotiated sentence. He referred the matter back to the first judge.

A week later, the parties again appeared before the first judge, who had learned what had occurred at the sentencing hearing. That judge informed defendant that the court would no longer be bound to give him the sentence called for by the parties' agreement, stating that the negotiated sentence was no longer "a guaranteed result" but that it "could well be that after everything shakes out, that would be what happens." The judge also told defendant that, in light of that change, defendant could consider whether he wanted to withdraw his plea. The sentencing was then reset to occur on a date in December, before any judge, to enable the victims to attend.

On December 6, 2000, the parties appeared before a third judge for sentencing. The prosecutor explained that she had misunderstood that the victims supported the negotiated sentence, and she understood that they were willing to testify at a trial. The prosecutor further explained that there would be no "bound agreement" in light of the fact that two sentencing judges had refused to be bound and that a

presentence investigation would have to be done. Defendant then elected to go forward with his plea. The court ordered a presentence investigation report, with sentencing to be rescheduled to a date in February 2001 to allow time for the report to be prepared. On the same day that defendant made his election, the prosecutor wrote a memorandum to the presentence investigation report writer stating that the "state has made no commitments for a recommendation" on sentencing and that the case could be considered as one with an "open sentence."

The court issued an order setting defendant's sentencing for February 13, 2001, but defendant absconded and failed to appear. The court issued a bench warrant for his arrest. More than eight years later, defendant was arrested in California and returned to Oregon. Defendant was brought before the court on October 8, 2009. Defendant's attorney did not appear with him. The court set defendant's sentencing to occur less than a week later, on October 14, 2009.

The same attorney who represented defendant during the proceedings in 2000 represented defendant again for his sentencing in 2009. Defendant moved to postpone the sentencing and filed two other motions before sentencing, one to withdraw his guilty plea and one to enforce the plea agreement. His motion to withdraw his plea was premised on an argument that the state had breached the plea agreement. He contended in the motion to enforce the plea agreement that, if he could not withdraw his guilty plea, the state was obliged to continue to recommend the agreed-upon sentence from October 2000 at his sentencing. The state, represented by a different prosecutor than in 2000, opposed all three motions.

The parties then appeared at the sentencing hearing on October 14, which occurred before the same judge who had ordered the presentence investigation report in 2000. During argument on the three motions, the prosecutor acknowledged that the state had agreed to adhere to the negotiated sentencing recommendation at the February 2001 sentencing. However, the prosecutor explained that, because defendant had absconded, the state "no longer

feels bound by those negotiations." The state recommended that defendant receive consecutive sentences on four of the counts totaling 190 months in prison and a concurrent sentence on the remaining count. The sentencing court denied defendant's motions, followed the state's recommendation, and sentenced defendant, among other things, to serve 190 months in prison.

Defendant now appeals, asserting three assignments of error. In his first assignment, defendant asserts that the sentencing court abused its discretion by denying his motion to set over the sentencing so that his attorney could adequately prepare. In his second assignment, he argues that the state breached the plea agreement when the prosecutor told the presentence investigation report writer in 2000 that there was no sentencing recommendation, which in his view entitled him to withdraw his plea. If that is not so, defendant argues in his third assignment of error, then the state had to perform its obligation under the 2000 plea agreement; in other words, the prosecutor was required to recommend to the sentencing court, and the court should have considered defendant eligible for the much different, agreed-upon probationary sentence.

In addition to filing its responsive brief, the state has moved to dismiss the appeal based on lack of jurisdiction and the former-fugitive doctrine. The Appellate Commissioner ordered the parties to further brief the jurisdictional question in light of *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011); concluded that the interests served by the former-fugitive doctrine might not be implicated by particular assignments of error; and deferred the motion to the merits panel. The state's motion to dismiss the appeal is now before us.

## II.   MOTION TO DISMISS

### A.   *Appealability*

In its motion, the state first contends that we lack jurisdiction over the appeal given both the applicable jurisdictional limitations when a defendant appeals after pleading guilty, as set forth in ORS 138.050(1), and the nature of defendant's assignments of error. Under ORS 138.050(1),

except as provided in ORS 135.335, which allows for conditional pleas,

> "a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:
>
> "(a)   Exceeds the maximum allowable by law; or
>
> "(b)   Is unconstitutionally cruel and unusual."

The state contends that ORS 138.050(1) applies to defendant's appeal because he pleaded guilty. And, the state argues, defendant challenges only "pre-sentencing orders" rather than the "disposition" as required by ORS 138.050(1).

Defendant responds that, because his case involves felonies committed after November 1, 1989, ORS 138.050(1) is inapplicable and our jurisdiction is instead governed by ORS 138.222. In relevant part, ORS 138.222 provides:

> "(1)   *Notwithstanding the provisions of ORS 138.040 and 138.050*, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided in this section.
>
> "* * * * *
>
> "(7)   Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:
>
> "(a)   A sentence was entered subsequent to a plea of guilty or no contest[.]"

(Emphasis added.) Defendant notes that ORS 138.222(1) allows an appeal for "a sentence imposed for a judgment of conviction" on the felonies in this case "only as provided by" ORS 138.222. And, in defendant's view, we have jurisdiction as provided in ORS 138.222(7) because, in each of his assignments of error, he appeals "based on the sentence" and raises a "colorable claim of error in a proceeding" involving a sentence that was entered after his guilty plea.

Recently, after briefing in this case was completed, we decided *State v. Brewer*, 260 Or App 607, 320 P3d 620, *rev den*, 355 Or 380 (2014). As explained below, that case resolves in defendant's favor the question whether ORS 138.050(1) or ORS 138.222(7) governs our jurisdiction for a defendant's challenge *to a sentence* for felonies committed after November 1, 1989. However, as we will discuss, the state is, in part, correct that defendant's appeal nevertheless suffers from jurisdictional defects under ORS 138.222.

In *Brewer*, we explained that, under the Supreme Court's decision in *Cloutier*, "ORS 138.050 governs appeal and review of sentences only for misdemeanors." 260 Or App at 612. We observed that, in so holding, the Supreme Court examined ORS 138.222 and concluded that it governs "appeal and review of sentences imposed for felonies committed on or after the effective date of the sentencing guidelines law." *Brewer*, 260 Or App at 613 (internal quotation marks omitted). Accordingly, we noted, the court in *Cloutier* concluded that the defendant, who was challenging a sentence for a misdemeanor conviction, was entitled to appeal under ORS 138.050. 260 Or App at 612.

Because the state argued in *Brewer* that the Supreme Court's observations concerning ORS 138.222 in *Cloutier* were *dicta*, we also independently examined the text and context of ORS 138.222(7) and concluded that ORS 138.222(7) is the "exclusive appealability provision governing appeals of felony sentences" following a guilty plea. 260 Or App at 616. Thus, the defendant in *Brewer*, who pleaded guilty to a felony, had a jurisdictional basis to challenge her qualification for a downward departure and the length of her sentence under ORS 138.222(7). *Id.* at 617. It follows from *Brewer* that this court may decide defendant's appeal to the extent that defendant's challenges fall within the scope of appellate jurisdiction set forth in ORS 138.222(7).

That, in turn, gives rise to the state's secondary argument that the requirements of ORS 138.222(7) are not met and that ORS 138.050 therefore governs the appeal. As earlier noted, the text of ORS 138.222(7) plainly sets forth an additional jurisdictional prerequisite when a defendant appeals: the defendant also must show "a colorable claim

of error" in the "proceeding." The parties do not appear to disagree that defendant's appeal concerns a "proceeding" in which a sentence was entered after a plea of guilty, ORS 138.222(7)(a), namely, a sentencing proceeding. Nor do the parties appear to disagree that defendant has asserted colorable claims of error in his sentencing proceeding. Rather, this case presents a significant jurisdictional question centering around statutory construction of the phrase "based on the sentence" as used in ORS 138.222(7).

The state considers ORS 138.222(7) to be like ORS 138.050(1) in requiring, as a foundation to jurisdiction, a direct challenge to the specific nature of the sentence. Thus, the state relies on cases deciding the limits of jurisdiction under ORS 138.050(1), such as *State v. Clevenger*, 297 Or 234, 236, 683 P2d 1360 (1984), and *State v. Allen*, 68 Or App 5, 680 P2d 997, *rev den*, 297 Or 547 (1984). Citing ORS 138.222(2), the state argues that we lack jurisdiction because none of the assignments of error in this case are based on the terms of defendant's sentence. In the state's view, "defendant's assignments of error do not assert a challenge to a *sentence*—and hence would not be reviewable under any provision in ORS 138.222."

In contrast, defendant views appealability under ORS 138.222(7) as broader in scope than under ORS 138.050(1). Defendant argues that, because he raises challenges to the sentencing proceeding and those challenges are reviewable under ORS 138.222(4)(a), all of his assignments of error are challenges "based on the sentence" imposed after his guilty plea and that jurisdiction exists under ORS 138.222(7). To state it another way, defendant argues that we should understand the scope of our jurisdiction to be at least as broad as the scope of issues that are reviewable under ORS 138.222(4). That argument is much like the jurisdictional argument offered by the defendant in *Brewer*. *See* 260 Or App at 610.

We had no occasion to resolve the statutory construction issue presented in this case when we decided *Brewer*. That is so because the defendant in *Brewer* had challenged the terms of the sentence itself—specifically, the duration of her prison term. To resolve the question here, the parties

primarily present contextual arguments in support of their respective positions. Neither party offers an argument based on legislative history.

As explained below, we conclude that the legislature's use of the phrase "based on the sentence" in ORS 138.222(7) was intended to limit an appeal by a defendant who pleads guilty to a felony to assignments of error concerning either the terms of the sentence or procedural or legal errors bearing directly on the terms of the sentence, congruent with the scope of issues that are reviewable under ORS 138.222. Thus, we reject the state's argument that we must analyze our jurisdiction based simply on cases construing and applying the jurisdictional limits stated in ORS 138.050(1).[1]

We begin the statutory analysis with the text of ORS 138.222(7). Again, the first sentence of ORS 138.222(7) provides that "the state or the defendant may appeal a judgment of conviction" for a felony "based on the sentence." There is no statutory definition of that phrase. However, a definitional statute provides that, as used in ORS 138.010 to 138.310, "unless the context requires otherwise, the terms defined in ORS 19.005 have the meanings set forth in ORS 19.005." ORS 138.005. The definitions contained in ORS 19.005 pertain to appeals generally, and ORS 19.005 does not contain a definition of the phrase "based on the sentence" or of "sentence." However, a "sentence" is a well understood term of art. The legislature likely intended "the sentence" to refer to a sentence that the trial court is required to impose for commission of an offense, as set forth in ORS 137.010(1) ("The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this

---

[1] Our decision in *Brewer* at least suggested that the state's argument is incorrect. We noted that,

"because ORS 138.222(7) has different, and not redundant, limitations on the appealability of sentencing judgments than ORS 138.050(1) has, we infer that ORS 138.222(7) operates separately and independently of ORS 138.050(1) in conferring appellate jurisdiction. ORS 138.222(7) is expressly conditioned upon showing *any* 'colorable claim of error' in sentencing ('The defendant may appeal under this subsection only upon showing a colorable claim of error * * *.'), whereas ORS 138.050(1) requires a 'colorable showing' that the disposition is statutorily or constitutionally excessive."

260 Or App at 614 (omission and emphasis in *Brewer*).

section or, for felonies committed on or after November 1, 1989, in accordance with rules of the Oregon Criminal Justice Commission unless otherwise specifically provided by law."). *See State ex rel O'Leary v. Jacobs*, 295 Or 632, 637-38, 669 P2d 1128 (1983) (construing another subsection of ORS 137.010 in light of a statute in ORS chapter 138, which generally addresses direct appeals in criminal cases and post-conviction relief).

On the other hand, what the legislature intended by an appeal "based on" the sentence is not resolved by reference to the plain meaning of the text. In ordinary usage, "to base" means "to use as a base or basis for : ESTABLISH, FOUND—used with *on* or *upon*." *Webster's Third New Int'l Dictionary* 180 (unabridged ed 2002). A "base," in turn, may refer to "the fundamental part of something." *Id.* Thus, the phrase "based on the sentence," which qualifies an "appeal" in ORS 138.222(7), can be understood in common usage to mean that the appeal must be founded on the sentence as its fundamental part. That still leaves room for either the state's view that a term of the sentence must be directly at issue, as with appealability under ORS 138.050, or defendant's view that ORS 138.222 defines a broader scope of sentencing-based issues that are appealable and reviewable than does ORS 138.050.[2]

In the second sentence of ORS 138.222(7), the legislature also requires a defendant who has pleaded guilty or no contest to establish a "colorable claim of error" in the "proceeding," such as the sentencing proceeding in this case. As we noted in *Brewer*, that requirement was added in 2001 and "allowed early dismissal of a nonmeritorious appeal."

---

[2] Whether an appeal may be taken and limits on what may be reviewed on appeal are two different things, as the Supreme Court has explained. "*Appealability* is not identical with *reviewability*." *State v. Montgomery*, 294 Or 417, 420, 657 P2d 668 (1983) (emphasis in original). "*Appealability* generally is concerned with whether an appeal can be taken at all." *Id.* (emphasis in original). "*Reviewability*," on the other hand, concerns the kinds or scope of issues that can be considered in an appeal and "generally involves the consideration of a variety of rulings and orders made by the court, usually before judgment." *Id.* (emphasis in original).

Ordinarily, we discuss the "appealability" of judgments and the "reviewability" of particular assignments of error. However, as we will explain, we understand the language of ORS 138.222(7) to require a different analysis in this context.

260 Or App at 614 n 2. We also noted that the 2001 amendment of ORS 138.222(7) "was part of a package of statutory changes" designed to reduce the number and cost of criminal appeals and other criminal proceedings available to defendants. *Id.* Accordingly, although the second sentence of ORS 138.222(7) does not directly illuminate what the legislature in 1989 meant by using the phrase "based on the sentence," it does suggest that the legislature in 2001 understood that the phrase "based on the sentence" encompassed more than a challenge to the terms of the sentence and extended in some way to the procedure surrounding a sentence.

We next turn to the context of ORS 138.222(7), which is at the heart of the parties' arguments. As we explained in *Brewer*, ORS 138.050(1) concerns both appealability and reviewability, and "the issues that may be appealed and those that may be reviewed in the appeal are the same" in ORS 138.050(1) when a defendant has pleaded guilty or no contest, namely, "whether the disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual." 260 Or App at 609. Defendant suggests that, as in ORS 138.050(1), there is an identity between appealable and reviewable issues in ORS 138.222. Defendant further contends that, if we analyze the scope of reviewable issues permitted in ORS 138.222(4), we will conclude that the scope of appealability is broader under ORS 138.222(7) than under ORS 138.050(1). Defendant suggests that the legislature would not create a class of reviewable felony sentencing issues in ORS 138.222 but at the same time limit the scope of appealability to such an extent that no defendant could appeal and then raise those reviewable issues. Defendant also asserts that we must look only to ORS 138.222 to determine jurisdiction because ORS 138.222(1) states that "a sentence imposed for a judgment of conviction entered for a felony" may be "reviewed *only* as provided by" ORS 138.222 (emphasis added). Defendant further argues that the scope of jurisdiction in ORS 138.222(7) is relatively broad.

The state, on the other hand, contends that appropriate context for understanding ORS 138.222(7)—and governing law—includes not only other subsections of ORS 138.222 but also ORS 138.040, concerning appeals in criminal cases generally; ORS 138.050, which governs appeals

and reviewability after a criminal defendant has pleaded guilty or no contest; and case law interpreting those provisions. The state argues that the Supreme Court in *Cloutier* "did not purport to state that ORS 138.050 no longer applies in a felony case to preclude an appeal when the only challenge asserted on appeal is to a ruling *other than* the sentence." The state further argues that ORS 138.050, as interpreted by the Supreme Court in *Clevenger*, bars review of issues concerning whether a conviction was properly entered on a plea of guilty, which defendant in this case raises in his second assignment of error and which, in the state's view, is not an assignment of error based on the sentence.

Given the terms of ORS 138.222, we agree with defendant that the legislature intended the scope of appeal based on a sentence under ORS 138.222(7) to be at least as broad as the scope of reviewable issues in ORS 138.222 and, specifically in this case, as defendant urges, ORS 138.222(4)(a). However, we also conclude, in line with the state's argument, that the legislature did not intend ORS 138.222(7) to displace the prohibition on a defendant's challenge to a conviction—as opposed to a sentence—when the defendant has pleaded guilty, as provided by ORS 138.040 and ORS 138.050.

As for the breadth of ORS 138.222(7), other subsections of ORS 138.222 serve to contradict the state's argument that we should look only to case law construing ORS 138.050(1) for guidance on what is appealable under subsection (7). Subsection (2) specifies what is not reviewable generally:

"Except as otherwise provided in subsection (4)(c) of this section, on appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review:

"(a) Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission.

"(b) A sentence of probation when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

"(c)   A sentence of imprisonment when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

"(d)   Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record.

"(e)   Except as authorized in subsections (3) and (4) of this section, any other issue related to sentencing."

Subsection (3) of ORS 138.222 describes reviewability of a sentence when the judgment of conviction imposes "a sentence that departs from the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission." Subsection (4) of ORS 138.222 specifies what is reviewable generally:

"In any appeal, the appellate court may review a claim that:

"(a)   The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence;

"(b)   The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes; or

"(c)   The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707."[3]

As the text of ORS 138.222(4) makes plain, the legislature has not copied the standard of reviewability and appealability provided in ORS 138.050(1) for misdemeanors and placed it in ORS 138.222.

Moreover, ORS 138.222(4) describes what is reviewable in broader terms than ORS 138.050(1), including claims that the sentencing court "failed to comply with requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a). We already have case law applying ORS 138.222(4)(a) that confirms that the scope of

---

[3] In 1997, the legislature added ORS 138.222(4)(c) and added a reference to that new provision in ORS 138.222(2). Or Laws 1997, ch 852, § 9.

reviewability under that statute is broader than that under ORS 138.050(1), including *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007). In that case, we held that ORS 138.222(4)(a) "permits this court to review a sentencing issue when the sentence that was imposed was an authorized sentence, but the trial court is asserted to have erroneously determined that the defendant was not eligible for a different, also authorized, sentence." 214 Or App at 212.

At the same time, ORS 138.222(7) governs appealability in felony cases when the challenge is "based on the sentence," and the Supreme Court in *Cloutier* stated that, "[i]n a nutshell, * * * appeal and review *of sentences* imposed for felonies committed after November 1, 1989, are governed by ORS 138.222." 351 Or at 91 (emphasis added). We understand the court's summary description to focus on sentence-based challenges in felony cases and not to felony appeals in general. Thus, as the state suggests, we conclude that ORS 138.040 and ORS 138.050 carry weight when the appeal in a felony case is not based on the sentence.

In sum, we hold that any assignment of error to a matter not based on the sentence in a felony case is not directly appealable under ORS 138.222(7). This case includes one such assignment of error. Defendant's second assignment of error, which challenges the denial of his motion to withdraw his guilty plea, cannot be fairly characterized as a challenge based on the sentence. *See Clevenger*, 297 Or at 236 (holding that, under ORS 138.050, there is no right to a direct appeal that challenges the trial court's acceptance of a guilty plea without making a proper inquiry into the factual basis for the plea). That assignment is, in effect, a challenge to defendant's conviction. Accordingly, we conclude that we are without jurisdiction to decide that issue and grant the state's motion to dismiss that part of defendant's appeal pursuant to ORS 138.050.

In contrast, defendant's first and third assignments of error are appealable, because the assignments involve a challenge "based on the sentence." In his first assignment, defendant challenges the denial of his motion for a continuance of the sentencing hearing. He ties that alleged error to

his sentence, arguing that his lawyer was prevented from doing what was minimally required to represent him competently at his major felony sentencing, including "client interviewing, investigation, legal research, strategizing, and preparing a persuasive sentencing argument," and seeking to "verify, supplement, or challenge" the presentence report information. An appeal based upon a procedural error that had some likelihood of affecting the terms of the sentence is, in substance, an appeal "based on the sentence," and the first assignment is therefore appealable.

Defendant's third assignment of error is a challenge to the trial court's denial of his motion to enforce the plea negotiations. As we will describe later in the discussion of the merits of this assignment of error, defendant seeks to require the state to recommend to the sentencing court that he receive the negotiated sentence, including the 20-year probation term. That assignment directly bears on the term of defendant's sentence because he seeks the opportunity to urge the sentencing court to follow the state's recommended sentence and to be considered for a far different sentence than the one he received. Defendant's third assignment of error is focused on the terms of the sentence itself. As such, it is "based on the sentence," and we have jurisdiction to decide it.

B. *Former-fugitive doctrine*

Having concluded that defendant's first and third assignments of error are appealable, we next consider whether the appeal nonetheless should be dismissed based on the former-fugitive doctrine. Under that doctrine, an appellate court "has inherent judicial authority to dismiss a criminal defendant's appeal" if the defendant's former-fugitive status has "significantly interfered with the operation of the appellate process." *State v. Sills*, 260 Or App 384, 388, 317 P3d 307 (2013), *rev den*, 355 Or 380 (2014). When a lengthy escape has so delayed the onset of an appeal that the state would be prejudiced in locating witnesses and presenting evidence on remand in the event of a successful appeal, we may exercise our authority to dismiss the appeal, either in whole or in part. *Id.* at 388-89.

In *Sills*, as in this case, the defendant fled Oregon after conviction but before sentencing, and 10 years elapsed before he was sentenced. 260 Or App at 387-88. We dismissed some parts of the appeal in which the defendant sought a new trial. *Id.* at 394. However, we concluded that the defendant's former-fugitive status did not unduly interfere with the appellate process as to two of his assignments of error, neither of which involved the state's difficult task of locating witnesses and evidence from the distant past for a trial or resentencing hearing. *Id.*; *cf. State v. Ristick*, 204 Or App 626, 630-31, 131 P3d 762 (2006) (dismissing an appeal in which the defendant sought resentencing that would have required the state to use witnesses and other evidence from trial for a jury's determination of enhancement facts at least nine years after he had absconded).

In this case, defendant's remaining first and third assignments of error concern sentencing issues and not the potential for a trial. Although the state argues that other circumstances may support application of the former-fugitive doctrine to bar a criminal defendant's appeal, namely, intervening changes in the law that benefit the defendant or the involvement of a child victim, neither bars the first or third assignments of error. The former circumstance does not apply in this case and the latter concerns faded memories and the likelihood that a jury years later would have a different reaction to the victim's testimony as an adult, considerations not presented by defendant's assignments of error. *See Sills*, 260 Or App at 392-93. We therefore conclude that the circumstances of this case do not justify the dismissal of the remainder of the appeal under the former-fugitive doctrine.

## III. REVIEWABILITY

We next turn to whether defendant's first and third assignments of error are reviewable. In his first assignment of error, defendant contends that the sentencing court abused its discretion in denying his October 2009 motion to postpone sentencing. In his third assignment of error, defendant asserts that the trial court erred by "denying defendant's motion to enforce the parties' plea negotiations." Defendant asserts that those assignments are reviewable because the

sentencing court "failed to comply with requirements of law in imposing or failing to impose a sentence," as provided in ORS 138.222(4)(a). We conclude that defendant's third assignment of error is reviewable under ORS 138.222(4)(a) in light of *Arnold,* but that his first assignment of error is not.

In *Arnold,* we described our construction of the provision in ORS 138.222(4)(a) this way:

> "We thus conclude, after considering the statutory text in context, that the application of the 'failing to impose' provision of ORS 138.222(4)(a) to these circumstances is unambiguous: That provision permits this court to review a sentencing issue when the sentence that was imposed was an authorized sentence, but *the trial court is asserted to have erroneously determined that the defendant was not eligible for a different, also authorized, sentence.*"

214 Or App at 212 (emphasis added). The defendant in *Arnold* asserted that the court erroneously failed to consider a sentence that was less than the mandatory minimum sentence he received because he had not personally represented that he was armed with a deadly weapon. After the conclusion stated above, we went on to analyze the merits of the defendant's argument and ultimately agreed with his position.

In the process of analyzing the defendant's argument in *Arnold,* we noted that the dispositive issue for purpose of reviewability under ORS 138.222(4)(a) is not simply whether the sentencing court failed to comply with the requirements of law during the sentencing proceedings, but, more narrowly and particularly, whether the court failed to comply with the requirements of law *"in imposing **or** failing to impose a sentence."* 214 Or App at 208 (emphasis and boldface in *Arnold*). For instance, in *State v. Sanchez,* 160 Or App 182, 186, 981 P2d 361, *rev den,* 329 Or 318 (1999), we held that a sentencing court's failure to require an interpreter to put her credentials on the record was not a reviewable error under ORS 138.222(4). "In *Sanchez,* the asserted error, while occurring during a sentencing proceeding, did not relate in any discernible way to the sentence itself." *Arnold,* 214 Or App at 211. That is, "[t]here was no suggestion in

[*Sanchez*] that the alleged error affected the sentence that was imposed, or that the error somehow affected how the court ultimately arrived at the sentence that it did." *Id.* Thus, our case law establishes that the scope of reviewability under ORS 138.222(4)(a) is narrower than the scope of appealability in ORS 138.222(7)—that is, an appeal might be "based on the sentence" under ORS 138.222(7) but not assert an error "in imposing or failing to impose a sentence" under ORS 138.222(4)(a).

Defendant's first assignment of error, like the claim of error in *Sanchez*, does not relate in any discernible way to the sentence that was imposed. That is, defendant has not made a showing that the alleged procedural error—refusing to postpone sentencing—resulted in an unlawful sentence or adversely affected the sentence that was imposed. *Cf. Arnold,* 214 Or App at 212. As we explained in *Sanchez*, the possibility that a presentencing error could have implications for a defendant's constitutional rights does not mean that those rights must be vindicated on direct appeal under ORS 138.222(4)(a). 160 Or App at 188. Thus, we conclude that, because defendant's first assignment of error raises a presentencing error and does not assert that the sentence itself was unlawful, the assignment is unreviewable.

We reach a different conclusion with respect to defendant's third assignment of error. Like the defendant in *Arnold*, defendant asserts that the trial court erroneously determined that he was not eligible for a sentence he agreed to in the plea agreement—a different and, according to defendant, authorized, sentence. As we held in *Arnold*, defendant's assertion here—that a "different, also authorized sentence" should have been considered—is sufficient for review under the plain meaning of ORS 138.222(4)(a).

We recognize that the Supreme Court in *Cloutier* observed that the "maximum allowable by law" in ORS 138.050 did refer to statutory law and that the term "law" is "notoriously flexible" and can refer to statutory law alone or sweep more broadly. 351 Or at 95. In *Cloutier*, though, the court explained that legislative history and many other clues decisively indicated that ORS 138.050 referred to sentencing statutes. *Id.* at 98. The text of ORS 138.222(4)(a) is

much different than ORS 138.050, including the absence of a similar reference to the "maximum" sentence, and, as noted earlier, the reference in ORS 138.222(7) to procedure suggests that a statutorily authorized sentence is not what ORS 138.222(4)(a) necessarily references. And, we are not aware of any legislative history that cabins ORS 138.222(4)(a) in the same or similar way as does the legislative history of ORS 138.050. Accordingly, we reach the merits of defendant's third assignment of error.

## IV. ENFORCEMENT OF THE 2000 PLEA AGREEMENT

On the merits of his third assignment of error, defendant assumes that principles of contract law apply. *See State v. Heisser*, 350 Or 12, 23, 249 P3d 113 (2011) (stating that "contract law generally (but not invariably) controls" the interpretation of plea agreements and suggesting that that holds true for the formation of plea agreements). Defendant points to the prosecutor's memorandum to the presentence investigation report writer in 2000 and argues that (1) the state breached the plea agreement in 2000 and (2) as a result, the sentencing court should have granted his motion and enforced the plea agreement or should have allowed him to withdraw his plea in 2009. The state argues that defendant cannot be entitled to receive the sentence that the parties agreed on in the plea agreement because he absconded and because, before he absconded, he had agreed that the sentencing court would not be bound by the parties' agreement as to the sentence. The state emphasizes that defendant may be entitled, at best, to a sentencing *recommendation* by the state in accordance with the terms of the plea agreement, which the sentencing court on remand may choose to reject.

We affirm the sentencing court's denial of the motion because defendant was no longer entitled to the benefit of the sentencing recommendation that the parties had agreed upon some nine years before the sentencing. Because the state admittedly had agreed to adhere to the negotiated sentencing recommendation from 2000 and defendant submitted evidence with his motion that the prosecutor instead informed the presentence investigation report writer that

the "state has made no commitments for a recommendation" on sentencing, defendant established that the state appeared to be on course to breach the plea agreement at the sentencing hearing scheduled to be held in 2001. However, no sentencing occurred in 2001 because defendant absconded. In our view, defendant erroneously concludes that he proved that the state had breached the plea agreement in 2000, and his contention that he was therefore entitled to withdraw his plea fails. *See Mohr v. Lear*, 239 Or 41, 49, 395 P2d 117 (1964) ("To constitute an anticipatory breach of an executory contract, one must refuse to perform one's obligation under the contract positively, unconditionally, unequivocally, distinctly and absolutely." (Internal quotation marks omitted.)).

Rather, it was defendant who breached the plea agreement. Implicit in the terms of the plea agreement was the requirement that defendant appear for and submit to sentencing. Defendant, therefore, breached the plea agreement by failing to appear at his sentencing and instead absconding for years. As a result, under the contract principles on which defendant relies, defendant is no longer entitled to require the state to recommend the sentence on which the parties agreed in 2000. *See Idaho v. Jafek*, 141 Idaho 71, 74, 106 P3d 397, 400 (2005) (holding that, by failing to attend sentencing, the defendant breached the plea agreement and the prosecutor need not recommend a sentence in accordance with the plea agreement). For that reason, we affirm the trial court.

In summary, we partially grant the state's motion to dismiss the appeal with respect to defendant's second assignment of error, but we otherwise deny the state's motion to dismiss. We conclude that defendant's first assignment of error is appealable under ORS 138.222(7) but nonetheless unreviewable under ORS 138.222(4)(a). And, we conclude that defendant's third assignment of error, although appealable under ORS 138.222(7) and reviewable under ORS 138.222(4)(a), fails on the merits.

Appeal dismissed as to defendant's second assignment of error; otherwise affirmed.